MILWAUKEE STEEL TYPE & DIE COMPANY, Respondent, vs.
    AMERICAN CENTRAL INSURANCE COMPANY and others,
    Appellants.

*October 26—November 14, 1916.*

*Jurors: Excuse by court: Waiver of errors in selection: Evidence:*
    *Competency: Harmless error: Instructions to jury: Fire insur-*
    *ance: Proofs of loss as evidence: Costs: Taxation: Defendants*
    *united in interest treated as one party.*

1. Independently of sec. 2849, Stats., the circuit court may in its dis-
    cretion excuse a juror because his relations to either party to
    the action are such as would be liable to operate prejudicially
    in the case.

14] AUGUST TERM, 1916. 299

Milwaukee S. T. & D. Co. v. American Cent. Ins. Co. 164 Wis. 298.

2. Failure to object to the collected jury before they are finally sworn is a waiver of any precedent error in their selection.

3. The admission of incompetent evidence is not a prejudicial error where, even if it had been excluded, the jury would in all probability have reached the same result.

4. A trial court may, in charging the jury, call to their attention the evidence produced on both sides, and even speak of the effect of the evidence as given on one side, and the effect of that given on the other, when such effect is clear, leaving it for the jury to determine where the truth lies; and in so doing there is no infraction of the rule that the court should not suggest what is established as to any controverted matter.

5. In an action upon insurance policies the charge to the jury is *held* not to have carried the idea that the proofs of loss were evidence of loss or damage.

6. The six defendants who issued the insurance policies in suit having joined in answering the complaint, and the cause having been treated throughout as one in which they were united in interest, all being represented by the same attorneys and the cause submitted to this court on one printed case and one brief on each side, all will be treated as one party for the purpose of taxing costs in this court, although each defendant separately appealed.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action to recover on six insurance policies issued to plaintiff by defendants, insuring the former against loss by fire on property consisting of implements, models, patterns, and other property for use, and in use, by plaintiff in its manufacturing business in Milwaukee, Wisconsin. Each of the defendants issued a policy to the plaintiff, permitting co-insurance.

Plaintiff claimed the insured property was damaged by ·fire to the extent of $23,782.22 on May 9, 1915, and that the sound value of such property at the time of the fire was $28,703.99.

The defendants joined in an answer putting in issue the title to the property, the sound value thereof, and the damage.

The cause was submitted to a jury for a special verdict, resulting in findings in plaintiff's favor as to the title and fixing the damages on the property described in the proof of loss at $19,500.

Defendants claim that the property formerly belonged to L. E. Larson Company of Chicago, an Illinois corporation, and was never conveyed to the plaintiff. That subject on the evidence was covered by four special findings, as follows: The machinery described in Exhibit 1–A. was not the machinery formerly used and owned by the L. E. Larson Company in Chicago. The material described in Exhibit 1–A was not formerly used and owned by the L. E. Larson Company in Chicago. The patterns described in Exhibit 1–A were not formerly owned by the L. E. Larson Company.

Judgment was rendered for $19,500 and interest, the same being divided between the six defendants according to their respective liabilities under the policies, one sixth of the costs being awarded against each defendant.

The defendants separately appeal.

The cause was submitted for the appellants on the brief of *Gill & Barry,* and for the respondent on that of *Schmitz, Wild & Gross.*

MARSHALL, J.    The court, on its own motion, excused a juror who was called, upon it appearing that he was the local agent for one of the defendants. They objected to such excusal.

The claim is made that the court had no right to excuse the juror because no challenge was made upon the ground that such juror did not stand indifferent to the cause and no ground appeared calling for the excuse under sec. 2849 of the Statutes. Independently of the statute, it is competent for the court, in its discretion, to excuse a juror because his relations to either party to the action are such, or some cause exists, which would be liable to operate prejudicially in the

case. *Sutton v. Fox,* 55 Wis. 531, 13 N. W. 477. Furthermore there does not appear to have been any objection made to the collected jury before they were sworn, which operated as a waiver of any precedent error, if there were any. *Cornell v. State,* 104 Wis. 527, 80 N. W. 745; *Emery v. State,* 101 Wis. 627, 78 N. W. 145.

Complaint is made because of some evidence which the court permitted to be introduced respecting the value of property destroyed. All the proof on that subject has been examined, resulting in a conclusion that no prejudicial evidence was improperly allowed over objection. It is not thought necessary to refer thereto in detail. The real question involved was submitted to the jury, understandingly, to find the fact on all the evidence bearing on the subject and it does not seem probable, even if the particular evidence complained of had been excluded, that any different result would have been reached. There was much evidence, as to value, received, of a perfectly legitimate character and seems not to have been controverted by anything produced by appellants.

Error is assigned because the court refused to direct a verdict in favor of defendants upon the ground that the evidence showed that the insured property at one time belonged to L. E. Larson Company, and there was no proof showing that such company ever authorized a conveyance thereof to the respondent. The jury found specially that the property was not formerly owned by the L. E. Larson Company and there was ample evidence tending to establish the facts found in that respect, therefore the motion for a directed verdict was properly denied.

In submitting the question as to whether machinery described in Exhibit 1–A was machinery formerly used and owned by L. E. Larson Company of Chicago, the court said:

"It is contended, and evidence has been given to that effect by Larson, that the property of the company was, a great deal, or most of it, destroyed by fire and that what was left was

some machinery, and that the machinery was afterwards sold and the proceeds of it used for payment of the debts of the corporation, and thus all of the property of that corporation wiped out."

Complaint is made of that upon the ground that the court laid emphasis upon the fact that Larson had so testified and that it was, in effect, saying to the jury that the property of the company, or a great deal of it, was destroyed by fire. The court at this point merely stated the evidence as contended on the part of the plaintiff and the effect of it if true. The jury must have so understood the matter. The statement was followed by one as to the evidence as contended by defendants, and the question was left to the jury to find the fact upon the whole evidence.

A trial court may, in submitting a controversy to a jury, call to their attention the evidence produced on both sides, and even speak of the effect of the evidence as given on one side, and the effect of that given on the other, when such effect is clear, leaving it for the jury to determine where the truth lies. In so doing there is no infraction of the rule that, in giving instructions, the court should not suggest what is established as to any controverted matter. There was nothing in the charge in this case prejudicially out of harmony with anything said in *Kamp v. Coxe Bros. & Co.* 122 Wis. 206, 99 N. W. 366, or *Gussarl v. Greenleaf S. Co.* 134 Wis. 418, 114 N. W. 799, or any other case.

Further complaint is made that the court, in submitting the question as to the damage to the property described in the proofs of loss, so instructed the jury as to carry the idea to them that such proofs were evidence of value and damage. It does not seem so. The question was carefully explained, the proofs being referred to as containing a list of the property. Nothing was said in the charge, as we read it, intimating that such proofs were evidence on the ultimate fact to be determined. The court particularly referred to there

being much proof as to the amount of property and its value, and as to the total destruction of property and partial injury to property, and that the question required a finding as to the damage to the property described in the proofs of loss. Taking the charge as a whole, it is considered that the jury did not understand from anything the court said that the proofs of loss were evidence of loss or damage.

Some other complaints are made in respect to the instructions, but none which seem to merit special mention or discussion. The case seems to have been fairly tried and submitted to the jury and a conclusion reached without prejudicial error.

The defendants having joined in answering the complaint, and the cause having been treated, all the way through, as one, in which the defendants were united in interest, all being represented by the same attorneys, and the cause submitted to this court on one printed case, and one brief on each side, all defendants will be treated as forming one party for the purpose of taxing costs in this court, though defendants separately appealed, one sixth of the total taxed to be awarded against each defendant, as in the court below.

*By the Court.*—The judgment is affirmed, costs to be taxed as indicated in the opinion.