NOLAN and wife, Appellants, v. VENUS FORD, INC., Respondent.

*No. 147.   Submitted under sec. (Rule) 251.54 May 8, 1974.—Decided June 17, 1974.*
(Also reported in 218 N. W. 2d 507.)

216

The cause was submitted for the appellants on the briefs of *Kersten & McKinnon,* attorneys, and *Charles D. Clausen* of counsel, all of Milwaukee, and for the respondent on the brief of *Schlotthauer, Johnson & Mohs* of Madison.

HALLOWS, C. J. The issues raised are three: (1) Did the trial court err in denying the Nolans' challenge for

cause of jurors who were current or former employees of Sentry Insurance Company or married to employees; (2) did the trial court err in structuring the verdict so as to place the question inquiring as to Venus Ford's negligence after questions inquiring as to nonparty tort-feasors who had previously settled with the Nolans and been released; (3) did the trial court err in denying a new trial in the interests of justice?

The Nolans argue the trial court abused its discretion in denying their challenges for cause to jurors who were present or former employees of or married to employees of Sentry Insurance Company, a local automobile liability insurance company, which was not a defendant or an insurer of a defendant in the instant case. On the day set for the beginning of trial, prior to *voir dire* of the jury, the Nolans moved the court to excuse from the jury all jurors who either were employed by Sentry Insurance Company or had someone in their immediate family so employed. Trial counsel argued, ". . . if people work for a liability insurance company such as Sentry, they have a very material pre-disposition towards defendants and against claimants." Counsel suggested it would be preferable for the court to excuse such jurors at the outset of the *voir dire* rather than to force the Nolans to exhaust their peremptory strikes to exclude them. The court denied the motion.

There were 39 names drawn from the jury panel list, of which 30 were called for this action. Of the 39, nine individuals arguably fit the classification the Nolans were seeking to establish; of these nine, two were excused. The Nolans then alternatively interposed a challenge to the array on the ground Sentry employees and insurance agents were disproportionately represented. The court denied this motion. Upon calling the jury panel, the court inquired of the members whether those who were employees of insurance companies or insurance agents would

be affected by their employment relationship insofar as concerned their ability to sit as a juror. There was no response to this inquiry. At the outset of the *voir dire,* counsel for Lucille MacFarlane inquired of the panel whether those who were affiliated with the insurance industry would by reason thereof be unable to award a substantial sum of money to Lucille MacFarlane if substantial injuries were proved. There was no response to this inquiry. Nor was there any response to the questions by counsel for Nolans whether anyone had any particular prejudice or bias for or against any personal injury claimant. As a consequence of the exercise of peremptory strikes by counsel for the MacFarlanes and the Nolans, the jury as impaneled contained only two individuals with an insurance industry affiliation; one was employed by Sentry as an agency technician and had never been involved in the claims end of the industry. The other was an insurance salesman for American Family.

The juror qualification statute, sec. 270.16, provides:

"The court shall, on request of either party, examine on oath any person who is called as a juror therein to know whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein, and the party objecting to the juror may introduce any other competent evidence in support of the objection, and if it shall appear to the court that the juror does not stand indifferent in the cause another shall be called and placed in his stead for trial of that cause; . . ."

This statute does not purport to create a class of jurors to be automatically excused in automobile cases but treats each individual case separately and requires proof of interest or prejudice.

The recognition of a trial court's discretion in the impaneling of a jury was early stated in *Grace v. Dempsey* (1889), 75 Wis. 313, 320, 321, 43 N. W. 1127:

"In so far as there is an absence of statutory regulation or rule of court, the trial court must necessarily exercise a very large discretion in the impaneling of a jury; and the exercise of such discretion will not be disturbed except in cases of its abuse or the violation of some rule of law. *Santry v. State,* 67 Wis. 67; *Sutton v. Fox,* 55 Wis. 531; *Olson v. Solveson,* 71 Wis. 663; Thomp. & M. Juries, §§ 258, 270, 271."

This principle has been affirmed on a number of occasions. *See, e.g., Good v. Farmers Mut. Ins. Co.* (1954), 265 Wis. 596, 62 N. W. 2d 425, and *Kanzenbach v. S. C. Johnson & Son, Inc.* (1956), 273 Wis. 621, 79 N. W. 2d 249. This court has also ruled that the statutory grounds for challenges for cause are not exclusive. *Sutton v. Fox* (1882), 55 Wis. 531, 13 N. W. 477. In *Milwaukee Steel Type & Die Co. v. American Central Ins. Co.* (1916), 164 Wis. 298, 159 N. W. 938, the claim was made that the trial court erred in excusing a juror upon its own motion for the reason he was the local agent for one of the defendant insurers even though no challenge had been made that the juror was not indifferent and sec. 2849 appeared not to mandate his dismissal. This court affirmed the action of the trial court, saying that "[i]ndependently of the statute, it is competent for the court, in its discretion, to excuse a juror because his relations to either party to the action are such, or some cause exists, which would be liable to operate prejudicially in the case."

The Nolans rely on *Maahs v. Schultz* (1932), 207 Wis. 624, 242 N. W. 195, in an effort to establish the proposition that a reasonable suspicion by a suitor that a juror is or may be partial compels a trial court to strike such juror for cause on request by the suitor. In *Maahs,* the plaintiff sought to recover damages for the alienation of the affections of plaintiff's wife by the defendant. The jury returned a verdict in favor of plaintiff. An objection was raised on appeal as to the qualifications of a juror.

It appeared the juror had twice denied he was related to the parties to the action or that he had any knowledge or information concerning the case, once upon *voir dire* and again during trial when defendant's counsel raised an objection. However, at a hearing following the return of the verdict, the contrary was disclosed to be the truth. The juror's sister was married to the plaintiff's wife's cousin. Moreover, the juror had expressed an opinion upon the case prior to trial. On appeal, this court commented that the evidence adduced on this post-trial hearing left the distinct impression that the juror knew more about the case than he had admitted to and deliberately suppressed a disclosure of that fact for some purpose. However, the court determined such was not sufficient in and of itself to compel reversal.

While the decision in *Maahs* indisputably recognizes that every suitor is entitled to a trial before an impartial jury, it does not hold a reasonable suspicion is sufficient but rather requires affirmative proof of partiality as a precondition for disqualification of a juror. This same requirement was stated in *Good v. Farmers Mut. Ins. Co.* (1954), 265 Wis. 596, 598, 599, 62 N. W. 2d 425, where appellants claimed certain individual jurors and the jury as a whole were biased or prejudiced by reason of the fact that the husband of one of the jurors was insured by respondent insurer and that five other jurors were policyholders in the same company. This court found the trial court had not abused its discretion in refusing to excuse the six jurors for cause. *See also Kanzenbach v. S. C. Johnson & Son, Inc., supra,* pages 626, 627, where this court held that it was not an abuse of discretion for the trial court to have refused to excuse for cause four jurors, two of whom held nonassessable liability policies in Farmers Mutual Automobile Insurance Company, the corporation which insured plaintiff's liability and presumably would have been liable if defendants had been

successful in their counterclaims or cross complaints and another of whom had sold the plaintiff his current home insurance policy and hoped to handle the renewal when the policy expired. When questioned, each of the four had informed the court they believed they could and would decide the case fairly upon the evidence. This court said these jurors were certainly not disqualified as a matter of law, citing *Good v. Farmers Mut. Ins. Co., supra,* and *Dishmaker v. Heck* (1915), 159 Wis. 572, 576, 150 N. W. 951. This court noted, however, that because it preserves the appearance as well as the reality of an impartial trial, the trial judge should honor challenges for cause whenever he may reasonably suspect that circumstances outside the evidence may create bias or an appearance of bias on the part of the challenged juror.

Here, actual bias or prejudice on the part of certain of the prospective jurors had not been proved. But Nolans do not contend that partiality on the part of those members of the jury panel affiliated with the insurance industry either by employment relation or marriage had been shown; they argue it was enough to demonstrate the affiliation or relationship itself without supporting evidence of partiality. This is contrary to what we believe is the law of Wisconsin.

The argument proceeds upon a distinction made at common law between challenges for principal cause and for favor which is illustrated by *Brown v. Woolverton* (Ala. 1928), 121 So. 404, 406:

" 'At common law the grounds for challenge were classified under four heads, as follows: (1) propter honoris respectum; as, if a lord of Parliament be impaneled on a jury, he may be challenged by either party, or he may challenge himself; (2) propter defectum; as if a juryman be an alien born, this is defect of birth; (3) propter affectum, as for suspicion of bias or partiality —this may be either principal challenge, or to the favor; (4) challenges propter delictum are for some misde-

meanor or crime which affects the juror's credit and renders him infamous, as for conviction of treason, felony, perjury, or conspiracy. A challenge propter affectum is of two kinds: a challenge to the favor and for principal cause.' "

The distinction is well stated in *McCarten v. Connecticut Co.* (1925), 103 Conn. 537, 542, 131 Atl. 505, 508, where it was said:

"At common law, a challenge to the polls, as distinguished from a challenge to the array, would lie for want of qualifications, as for alienage or infancy, or a prior conviction for certain infamous crimes, as well as for bias or prejudice. A challenge for this cause could be either a principal challenge or a challenge to the favor, as it was called. Of the former, were relationship to either party to the suit, a former service as arbitrator on either side, an interest in the outcome of the suit, either personal or as a member of a corporation, or the relation of master or servant, steward, attorney, landlord or tenant to either party, or that the prospective juror has conversed with either party upon the merits of the case, or has formed or expressed an opinion on the question at issue. Such facts being proved, the disqualification was conclusively presumed. It was a legal conclusion and it could not be rebutted.

"Challenges for favor were founded on probable circumstances of suspicion, as for example, particular friendship, or enmity, or such other facts as would tend to show bias but did not create a conclusive presumption of disqualification. In such cases, if the court has reason to think that bias or prejudice in fact existed to such an extent that the juror could not give the parties a fair trial, the juror would be held disqualified; but while this thus lay in the sound discretion of the court, it was said the court 'ought not to indulge any unreasonable and groundless suspicion of a party.' These grounds of challenge are of the same nature as the principal challenge *propter affectum*, but of an inferior degree. Bacon Abridgment, Juries, (E) 1; Chitty, Criminal Law, Vol. 1, p. 536; 1 Swift's Digest, s. p. 737; *State v. Howard*, 17

N. H. 171, 191; *Coughlin v. The People,* 144 Ill. 140, 164, 33 N. E. 1."

Thus it is contended a challenge for bias or prejudice which might be classified as a challenge for principal cause need not be proved whereas challenges for favor must be backed up with positive proof of same. The Nolans argue that present sec. 270.16, Stats., perpetuates this distinction, making a juror subject to challenge for principal cause: (1) When the juror is related to either party, or (2) when the juror has an interest in the cause, and subject to challenge for favor (a) when the juror has expressed or formed an opinion as to the cause and (b) when the juror is sensible of any bias or prejudice. Citing *Brown v. Woolverton, supra,* the Nolans argue that challenges for principal cause might be predicated upon a ground not delineated in the statute just so long as it can be determined that such other ground is of a kind which imports absolute bias or favor, leaving nothing to the discretion of the court. But assuming plaintiffs' common-law distinction between challenges for principal cause and for favor, Wisconsin case law clearly requires proof of bias or prejudice allegedly arising out of a juror's affiliation or interest in the insurance industry. *Kanzenbach v. S. C. Johnson & Son, Inc., supra.* Since there was no proof of bias or prejudice in this case, the trial court did not abuse its discretion in refusing to excuse for cause those prospective jurors who were affiliated with the insurance industry. This position finds support in the decisions of other jurisdictions. *Anderson v. Todd Shipyard Corp.* (1945), 63 Fed. Supp. 229; *C. R. Owens Trucking Corp. v. Stewart* (1973), 29 Utah 2d 353, 509 Pac. 2d 821; *State v. Higginbotham* (1972), 261 La. 983, 261 So. 2d 638.

The second prong of the Nolans' argument is that the trial court abused its discretion in refusing to strike insurance industry representatives from the jury panel

so as to eliminate the disproportional representation of such from the panel. This argument is premised upon the proposition a jury shall be a body truly representative of the community. *See Maahs v. Schultz, supra; Glasser v. United States* (1942), 315 U. S. 60, 85, 62 Sup. Ct. 457, 86 L. Ed. 680, citing cases. Venus Ford counters with language drawn from cases dealing with claimed systematic exclusion of a class or "cohesive unit" from the jury panel. The Nolans argue they are not complaining of a "systematic exclusion" of any group, class or cohesive unit but a class naturally formed because of the great number of persons working for or connected with the local insurance company.

The question is whether it was an abuse of discretion for the trial court to fail to take corrective steps, upon timely motion by the plaintiff, when it appeared the jury panel was not representative of the community as a whole, although there had been no systematic exclusion of any "cohesive units" of the community. The Nolans cite two United States Supreme Court decisions in support of this proposition: *Thiel v. Southern Pacific Co.* (1946), 328 U. S. 217, 66 Sup. Ct. 984, 90 L. Ed. 1181; and *Glasser v. United States, supra.* In both these cases the systematic exclusion test was applied which requires factual proof. While a trial court may in its discretion excuse a prospective juror without proof of actual prejudice, the court does not abuse its discretion for requiring proof and not creating a class of jurors which cannot hear automobile cases because in that town is located an insurance company which is not a defendant in the suit. The Nolans failed to show by any evidence in an offer of proof or otherwise that insurance-industry representatives as a class have predisposition to find against personal injury claimants. Agents of insurance companies are more apt to favor customers than insurance companies, especially here where their companies are not

directly involved. Whether any prejudice exists depends upon the degree of closeness existing between the juror and the insurance industry.

Plaintiffs' second argument is that the trial court erred in framing the special verdict so as to position the question inquiring of Venus Ford's negligence after the questions inquiring of negligence on the part of the two nonparty tort-feasors who had settled before verdict. Plaintiffs submitted a proposed verdict to the trial court which inquired as to the negligence of defendant Venus Ford first, followed by questions pertaining to the possible negligence of the nonparty tort-feasors who had settled. The court instead framed the verdict, inquiring first as to the negligence of the drivers of the vehicles involved in the collision, both of whom had settled with plaintiffs after the first day of trial and were no longer parties to the action. The inclusion of both settling tort-feasors along with the nonsettling tort-feasor in the verdict was proper under *Pierringer v. Hoger* (1963), 21 Wis. 2d 182, 124 N. W. 2d 106, and *Payne v. Bilco Co.* (1972), 54 Wis. 2d 424, 195 N. W. 2d 641. *See also: Magnuson v. Fairmont Foods Co.* (7th Cir. 1971), 442 Fed. 2d 95; McComas, *Tort Releases in Wisconsin,* 49 Marq. L. Rev. (1965–66), 533; Aiken, *Proportioning Comparative Negligence,* 53 Marq. L. Rev. (1970), 293.

Both the Nolans and Venus Ford recognize that trial courts may exercise considerable discretion in framing special verdicts. In *Gilbert v. United States Fire Ins. Co.* (1970), 49 Wis. 2d 193, 206, 207, 181 N. W. 2d 527, this court summarized the governing principles:

" ' "The questions should be framed, so far as practicable, to secure the most direct consideration of the evidence as it applies to the issues made by the pleadings and supported by the evidence." *Liberty Tea Co. v. La Salle Fire Ins. Co.,* 206 Wis. 639, 643, 238 N. W. 399.' "

*See also: Thoresen v. Grything* (1953), 264 Wis. 487, 59 N. W. 2d 682.

The Nolans rely on *Gilbert,* arguing that the evidence presented to the jury gave rise to an issue of negligence on the part of defendant Venus Ford, which issue assumed singular importance in the trial of the case after plaintiffs settled and which issue was not given its due prominence in the verdict as formulated by the trial court. We fail to find any merit in this contention. It is based on the idea that what is first said in a verdict is the most important; that is not necessarily true in a verdict or in a court opinion or in other writings. One must have little faith in a jury if the placement of a question in the verdict determines the answers. The trial court did not abuse its discretion in structuring the verdict.

Finally, the plaintiffs argue the trial court erred in denying their motion after verdict for a new trial in the interests of justice. In support of this argument, plaintiffs repeat the arguments made earlier, which are not proper grounds for a new trial in the interests of justice.

*By the Court.*—Judgment affirmed.