[No. 9003-5-III.   Division Three.   October 24, 1989.]

THE CITY OF CHENEY, *Respondent,* v. ROY VINCENT GRUNEWALD, *Petitioner.*

*James Irwin* and *Irwin & Chinn,* for petitioner.

*Steven Miller* and *Miller & Wainwright,* for respondent.

GREEN, J.—About 2:16 a.m. on January 3, 1987, Roy Grunewald was arrested and charged with driving while intoxicated pursuant to RCW 46.61.502(1). Trial commenced February 19. Mr. Grunewald challenged for cause a juror who disclosed he was a member of Mothers Against Drunk Drivers (M.A.D.D.). The court denied the challenge, and Mr. Grunewald was convicted. He appeals contending the court abused its discretion by not excusing the juror for cause. We agree and reverse.

Prior to trial, during voir dire one of the prospective veniremen, juror Bauman, disclosed his association with M.A.D.D. He stated he became a member of M.A.D.D. several years earlier when his niece was killed by an intoxicated driver. Although not an active member, he stated he contributes to the organization by paying annual dues. His deceased niece's mother is an active member of the organization. Mr. Bauman was then asked:

> THE COURT: . . . do you think you can put all that aside and give both parties here a fair trial?
> MR. BAUMAN: I do.
> THE COURT: . . . Do you understand that it's not illegal to drink and drive.

MR. BAUMAN: I do.

THE COURT: Do you think that you can keep a fair and open mind throughout that entire trial?

MR. BAUMAN: Yes.

When questioned by defense counsel, Mr. Bauman stated he believed the intoxicated driver in his niece's case was guilty before he was tried, albeit he recognized he should not have formed that opinion before trial. He was then asked:

MR. IRWIN: Okay, . . . do you think that you would have any problem withholding forming that same type of opinion until both sides are in this trial.

MR. BAUMAN: I don't think so.

MR. IRWIN: For instance, if the officer gets up on the stand and says that Roy was intoxicated while driving are you pretty much going to close your mind at that point?

MR. BAUMAN: No.

After questioning Mr. Bauman about his relationship to his sister–in–law and his association with M.A.D.D., defense counsel asked:

MR. IRWIN: And you don't feel that any of this would affect your ability to be objective in this type of case?

MR. BAUMAN: I don't think so, no.

. . . .

MR. IRWIN: . . . Do you think Roy's done anything wrong because he's here today?

MR. BAUMAN: I don't know that's to be decided today?

MR. IRWIN: Do you think the fact that a person is charged indicates guilt?

MR. BAUMAN: Um, no, not really, not until we hear all the evidence and then go through the process.

MR. IRWIN: Do you think that you would be inclined to side with the police officer early on in the trial and by doing so you would be furthering the goals of M.A.D.D.?

MR. BAUMAN: No, no I don't think I could divorce (unclear).

MR. IRWIN: If you were in Roy's place today, would you want six jurors with your frame of mind? Would you feel that he would get a fair trial with six jurors with your frame of mind right now?

MR. BAUMAN: I don't think so.

Mr. Grunewald challenged juror Bauman for cause. This challenge was denied. The defendant having exhausted his peremptory challenges, Mr. Bauman was seated as a juror.

Mr. Grunewald contends the denial of his challenge for cause deprived him of his right to a fair trial under the sixth and fourteenth amendments to the United States Constitution and article 1, section 22 (amend. 10) of the Washington State Constitution. We agree.

■■ It is a fundamental tenet of our judicial system that inherent in a jury trial is a right to an unbiased jury. *Rowley v. Group Health Coop.,* 16 Wn. App. 373, 375, 556 P.2d 250 (1976). A prospective juror must be excused for cause if the trial court determines the juror is actually or impliedly biased. RCW 4.44.170, .180. Mr. Grunewald alleges actual bias, that is

> the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging, . . .

RCW 4.44.170(2). Even though a juror holds preconceived ideas, a juror need not be disqualified if he can put those aside and decide the case based on the evidence and the law. RCW 4.44.190; *State v. White,* 60 Wn.2d 551, 569, 374 P.2d 942 (1962), *cert. denied,* 375 U.S. 883 (1963). The denial of a challenge for cause lies within the discretion of the trial court which will not be reversed absent a manifest abuse. *State v. Gilcrist,* 91 Wn.2d 603, 590 P.2d 809 (1979). If a juror should have been excused for cause, but was not, the remedy is reversal. *Miles v. F.E.R.M. Enters., Inc.,* 29 Wn. App. 61, 64, 627 P.2d 564 (1981).

■ Actual bias is not presumed simply by Mr. Bauman's association with a particular organization. *See United States v. Carr,* 584 F.2d 612 (2d Cir. 1978); *State v. Jones,* __ S.C. __, 378 S.E.2d 594 (1989); *State v. Bernson,* 40 Wn. App. 729, 700 P.2d 758, *review denied,* 104 Wn.2d 1016 (1985); *State v. Gosser,* 33 Wn. App. 428, 656 P.2d 514 (1982). Nor would his personal experience based upon the death of his niece alone disqualify him from serving on the jury. *United States v. Jones,* 608 F.2d 1004 (4th Cir. 1979), *cert. denied,* 444 U.S. 1086 (1980); *State v. Gilcrist, supra.*

However, when these circumstances are coupled with the answer that he would not want six jurors with his frame of mind on the jury if he were in Mr. Grunewald's position and that he would not receive a fair trial with six such jurors, sufficient actual bias was demonstrated to justify his removal for cause. As noted in *Rowley v. Group Health Coop., supra* at 377 (quoting *Kanzenbach v. S.C. Johnson & Son, Inc.,* 273 Wis. 621, 627, 79 N.W.2d 249 (1956)),

> it is a good rule for the trial judge to honor challenges for cause whenever he may reasonably suspect that circumstances outside the evidence may create bias or an appearance of bias on the part of the challenged juror.

Here, there was a reasonable suspicion of bias based on Mr. Bauman's contradictory answers on voir dire. Consequently, there was sufficient justification for the court to have granted Mr. Grunewald's challenge for cause. Its failure to do so was error.

Reversed and remanded for retrial.

THOMPSON, C.J., and SHIELDS, J., concur.

Reconsideration denied December 5, 1989.