SHIRLEY S. ABRAHAMSON, J.
¶ 60. {concurring).
In the instant case, prospective jurors made statements either in their responses to the jury questionnaire or at voir dire or both that indicated they *139 might not be impartial or that they might not be able to apply legal principles. The circuit court and the attorneys questioned the prospective jurors to "rehabilitate" them to enable them to serve on the jury. The question presented in the instant case is whether one or more jurors were biased notwithstanding the attempts at rehabilitation.[1]
¶ 61. Lepsch's challenge to the jury is grounded on the ineffective assistance of his trial counsel to challenge prospective members of the jury. Ineffective assistance of trial counsel is a two-part inquiry under Strickland v. Washington, 466 U.S. 668 (1984). The burden of proof in the instant case is on Lepsch. He must show (1) that his trial counsel performed defi-ciently; and (2) that the deficient performance prejudiced him. Because I conclude that the jury was not biased, I conclude that trial counsel's performance was not deficient injury selection. I therefore do not need to reach the prejudicial prong of the Strickland analysis.[2]
*140 ¶ 62. The right to an impartial jury is guaranteed by statute and the federal and state constitutions. I begin with Wis. Stat. § 805.08(1) (2015-16),[3] which requires a court to examine on oath each person who is called as a juror to discover whether the juror has expressed or formed any opinion, or is aware of any personal bias or prejudice in the case. The statute enables any party to challenge a juror for cause and introduce evidence in support of an objection. It sets the standard for excusing a prospective juror: "If a juror is not indifferent in the case, the juror shall be excused." Several Wisconsin cases interpret and apply the statutory standard of "indifferent."[4]
*141 ¶ 63. The court took this case to determine whether Wisconsin case law relating to juror bias is consistent with or in tension with the United States Supreme Court's and the Seventh Circuit Court of Appeals' interpretations of the Sixth Amendment right to trial by "an impartial jury." Lepsch and the Office of the State Public Defender (which filed a non-party brief) request this court to clarify Wisconsin's juror bias law to resolve the perceived tension.[5]
¶ 64. The majority opinion fails to address this perceived tension. Instead, it merely explains in a footnote that Lepsch's citations to "lower federal court" *142 decisions are unavailing and that this court is not bound by "lower federal court" decisions. Majority op., ¶ 35 n.14 (citing Madison Teachers, Inc. v. Walker, 2014 WI 99, ¶ 68, 358 Wis. 2d 1, 851 N.W.2d 337).
¶ 65. I address the issue of perceived tension and conclude that any perceived tension arises because Wisconsin cases on jury bias have apparently not considered Patton v. Yount, 467 U.S. 1025 (1984), and need to be harmonized.[6]
¶ 66. I begin with the test set forth by the United States Supreme Court, the supreme law of the land, which this court is obliged to follow. In Patton, 467 U.S. at 1036, 1038, 1040, the United States Supreme Court stated the applicable test to determine whether a prospective juror can suspend a belief or opinion calling his or her impartiality into question. The Court also set forth the standard for appellate review of a trial court's determination of the prospective juror's impartiality. This two-part test is as follows:
Did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality [be] believed. . . . [T]he determination is essentially one of credibility, and therefore largely one of demeanor. ... It is here that the federal court's deference must operate, for while the cold record arouses some concern, only the trial judge could tell which of these answers was said with the greatest comprehension and certainty.
Patton, 467 U.S. at 1036, 1038, 1040.
*143 ¶ 67. The Seventh Circuit Court of Appeals, also obliged to follow the decisions of the United States Supreme Court, has stated its own construction of the applicable test to determine whether a prospective juror can suspend a belief calling his or her impartiality into question. The Seventh Circuit has also set forth the standard for appellate review of a trial court's determination of the prospective juror's impartiality. The Seventh Circuit's two-part test has been stated in the following formulations:
• Marshall v. City of Chicago, 762 F.3d 573 (7th Cir. 2014) (citing United States v. Allen, 605 F.3d 461, 464-65 (7th Cir. 2010):
The judge looks for an unwavering affirmation of impartiality, without which the juror should be excused. The requirement is satisfied by a juror's affirmation, for example, that she can set aside any opinion she might hold, relinquish her prior beliefs, or lay aside her biases or her prejudicial personal experiences. United States v. Allen, 605 F.3d 461, 464-65 (7th Cir. 2010) (internal citations omitted). Ultimately, the decision whether to excuse a juror for cause rests firmly within the discretion of the district judge, and we will reverse only where we find an abuse of such.... (abuse of discretion occurs only where "no reasonable person would agree with the trial court's ruling").
• United States v. Allen, 605 F.3d 461, 464-65 (7th Cir. 2010):
[The mandates of due process and an impartial jury] are satisfied, when seating a prospective juror despite a party's for-cause challenge, if the prospective juror has given final, unequivocal assurances, deemed credible by the judge, that for purposes of deciding the case, she can "set *144 aside any opinion [she] might hold," Patton v. Yount, 467 U.S. 1025, 1036... (1984), "relinquish her prior beliefs,” [Thompson v. Altheimer & Gray, 248 F.3d 621, 626], or "lay aside her biases or her prejudicial personal experiences,” United States v. Gonzalez, 214 F.3d 1109, 1114 (9th Cir. 2000). See Thompson, 248 F.3d at 626 (collecting cases).
The district court was within its discretion to find that the prospective juror gave final, unequivocal, and credible assurances that she could set aside any bias ... and decide the case on the evidence....
Prior equivocating or wavering is hardly disposi-tive in assessing credibility, as "fj]urors ... cannot be expected invariably to express themselves ... consistently."... Because appellate judges are absent from voir dire, when a prospective juror fails to express herself "carefully or even consistently ... it is [the trial] judge who is best situated to determine competency to serve impartially." Patton, 467 U.S. at 1039 ... [7]
*145 ¶ 68. Examining Marshall and Allen, two Seventh Circuit Cases, side-by-side, it becomes clear that Allen uses slightly different language than Marshall. Lepsch and the SPD's office cite Allen as illustrating the tension among Patton, the Seventh Circuit cases, and the Wisconsin cases on jury bias.
¶ 69. Language in some Wisconsin cases is similar to the language in Patton and to the cases from the Seventh Circuit Court of Appeals. For example, this court stated in State v. Kiernan, 227 Wis. 2d 736, 745, 596 N.W.2d 760 (1999), that an acceptable juror is
a reasonable person who is sincerely willing to set aside any opinion or prior knowledge that the juror might have. Discerning whether a juror exhibits this type of bias depends upon that juror's verbal responses to questions at voir dire, as well as that juror's demeanor in giving those responses. These observations are best within the province of the circuit court (citation omitted).[8]
¶ 70. The United States Supreme Court cases, the Seventh Circuit cases, and the Kiernan case are similar in three important respects: (1) An individual can be seated as a juror if he or she can set aside an opinion or bias; (2) the trial judge must believe the prospective juror's statement of impartiality; and (3) appellate review is deferential because the trial judge is best situated to determine a prospective juror's ability to serve impartially.
*146 f 71. The difference among the three courts, according to Lepsch and the Public Defender, is the language in the Seventh Circuit cases demanding that the prospective juror give "final, unequivocal assurances" that he or she will set aside any bias and decide the case on the evidence. This phrase, "final, unequivocal assurancesdoes not appear in Patton. Patton seems to leave more room for trial court discretion in assessing the juror's impartiality than does the "final, unequivocal assurances" language.
¶ 72. It is not surprising, then, that a careful reading of the Seventh Circuit cases shows that the "final, unequivocal assurances" language also leaves room for various types of responses by a prospective juror and for trial court discretion to evaluate those responses. A study of the Seventh Circuit's applications of the "final, unequivocal assurances" language demonstrates that the Seventh Circuit requires the bare minimum of assurances.
¶ 73. For example, in United States v. Allen, 605 F.3d 461, 464-65 (7th Cir. 2010), the Seventh Circuit reviewed a district court's finding that a juror was not biased. That juror initially submitted a juror questionnaire stating that she would have a hard time being fair because of a prior incident. Upon questioning by the trial judge, the juror's answers reaffirmed this belief. But, upon further questioning (this kind of more rigorous, "digging down" type of questioning is sometimes referred to as "rehabilitating" the prospective juror) the judge instructed her that "both sides are entitled to fairness" and asked her whether she could keep an open mind. The juror replied that she could. Upon even further questioning, the juror stated that she "would give [the defendant] the benefit of the doubt until evidence was presented." The district court judge decided that this juror was not biased.
*147 ¶ 74. The Seventh Circuit affirmed the decision of the district court. The Seventh Circuit first set forth the applicable "final, unequivocal assurances" test as follows: The requirement of an impartial jury is met when
the prospective juror has given final, unequivocal assurances, deemed credible by the judge, that for purposes of deciding the case, she can set aside any opinion [she] might hold, relinquish her prior beliefs, or lay aside her biases or her prejudicial personal experiences.
Allen, 605 F.3d at 464-65 (internal quotation marks and citations omitted).
¶ 75. After setting forth this test, the Allen court emphasized that "[p]rior equivocating or wavering is hardly dispositive in assessing credibility, as '[j]u-rors . . . cannot be expected invariably to express themselves . . . consistently.'" Allen, 605 F.3d at 466 (quoting Patton, 467 U.S. at 1039).
¶ 76. The Allen court also emphasized that "because appellate judges are absent from voir dire, when a prospective juror fails to express herself 'carefully or even consistently ... it is [the trial] judge who is best situated to determine competency to serve impartially.' "Allen, 605 F.3d at 466 (quotingPatton, 467 U.S. at 1039).
¶ 77. Although the Allen court of appeals suggested that the trial court could have engaged in more rigorous, explicit questioning of the juror, the court of appeals accepted, as an unequivocal statement, the juror's statement that she would give the defendant "the benefit of the doubt." Allen, 605 F.3d at 466.[9]
*148 ¶ 78. Thus, although the literal language in the Seventh Circuit cases requires "final, unequivocal assurances" that a juror is impartial, that assurance can be as minimal as an affirmative response to a judge's question whether the juror can be impartial. And, whatever the trial court's determination may be, it is accorded substantial deference by an appellate court because the trial court is in a position to judge the juror's credibility.
¶ 79. Furthermore, cases from other federal courts of appeals are cited by the Seventh Circuit. These other federal courts do not use the same "unequivocal" language as the Seventh Circuit. These cases ask whether the prospective juror swore to set aside any opinion or bias and decide the case on the evidence and whether the juror's protestation of impartiality can be believed by the trial court.[10]
*149 ¶ 80. After considering Patton and the Seventh Circuit cases, I turn to the Wisconsin jury bias decisions.
¶ 81. Although several of Wisconsin's jury cases were decided after Patton, few cite Patton.
¶ 82. Reference to Patton appears in State v. Ferron, 219 Wis. 2d 481, 579 N.W.2d 654 (1998), abrogated on other grounds by State v. Lindell, 2001 WI 108, 245 Wis. 2d 689, 629 N.W.2d 223, in which the court cited Patton for the proposition that "[i]t is a well-settled principle of law in this state that a determination by a circuit court that a prospective juror can be impartial should be overturned only where the prospective juror's bias is 'manifest.' . . . The United States Supreme Court has frequently ruled to the same effect. See, e.g., Patton v. Yount, 467 U.S. 1025, 1031-32
*150 ¶ 83. Ferron's reliance on this "manifest error" language is of dubious value. Patton discussed jury-bias resulting from pretrial publicity and explained that an amended habeas statute may have replaced this "manifest error" standard. Patton, 467 U.S. at 1032 n.7.[11]
¶ 84. But, more importantly, as I read Wisconsin decisions in which I joined almost twenty years ago, I see a problem: The Wisconsin cases include language that is internally and externally inconsistent; language that is hard to understand and apply; and language that does not conform to the Patton test.
¶ 85. In State v. Faucher, 227 Wis. 2d 700, 731 n.8, 596 N.W.2d 70 (1999), for instance, the court stated: "We remain committed to our view that a prospective juror need not unambiguously state his or her ability to set aside a bias."
¶ 86. Likewise, in State v. Erickson, 227 Wis. 2d 758, 776, 596 N.W.2d 749 (1999), the court stated: " [A] prospective juror need not respond to voir dire questions with unequivocal declarations of impartiality. Indeed, we . . . fully expect a juror's honest answers at times to be less than unequivocal."
¶ 87. That said, a prospective juror who equivocates and says, for example, that she can "probably" be fair, was declared biased under Wisconsin law. This court explained in Ferron, 219 Wis. 2d at 501, that equivocation bars a prospective juror from serving *151 because equivocation is insufficient to demonstrate a sincere willingness to set aside a bias:
There are no magical words that need be spoken by the prospective juror, and the juror need not affirmatively state that he or she can "definitely" set the bias aside. Suffice it to say that without the appropriate follow-up questions by the circuit court, a juror's final word of "probably" is insufficient to indicate a sincere willingness to set aside his or her bias against parties who choose to exercise their constitutional rights. (Emphasis added.)
¶ 88. As I read these decisions, they are somewhat contradictory and fail to provide sufficient guidance to circuit courts, the court of appeals, and this court.
f 89. I conclude, however, that the Wisconsin cases can be harmonized and stated in conformity with United States Supreme Court and Seventh Circuit Court of Appeals cases as follows:
• An impartial juror is a "reasonable person who is sincerely willing to put aside an opinion or prior knowledge." Faucher, 227 Wis. 2d at 724.
• Although a prospective juror need not say any "magic words," the record must demonstrate that the prospective juror (who is sworn under oath)[12] has committed or assured that he or she can set aside any opinion or bias held and decide the case on the evidence.
• Evaluating the subjective sincerity of these expressions of impartiality of a prospective juror is a matter for the circuit court. The determination is essentially one of credibility. The expressions of the prospective juror regarding his or her impartiality are not conclusive.
*152 • An appellate court "defers to a large extent to the decision of the circuit court about subjective [juror] bias because the circuit court is in a superior position to assess the demeanor and disposition of prospective jurors," State v. Funk, 2011 WI 62, ¶ 76, 335 Wis. 2d 369, 799 N.W.2d 421, and an appellate court will reverse a circuit court's decision that a juror was subjectively biased only if the decision is "clearly erroneous." Faucher, 227 Wis. 2d at 718.
• The standard of an appellate court's review of a circuit court's determination of objective juror bias is set forth in Faucher, 227 Wis. 2d at 720: An appellate court will reverse the circuit court's decision that a juror was objectively biased "only if as a matter of law a reasonable judge could not have reached such a conclusion."[13]
• Finally, an important guiding principle to be followed in every case is that the circuit court should err on the side of striking prospective jurors when it is reasonable to suspect that bias is present.[14]
*153 f 90. This is a close case for me.[15] In this concurrence, I focus on two jurors, J.A. and D.M. Each expressed the belief, in answers to the questionnaire, that police officers were more credible than other witnesses. Neither the circuit court nor either side's trial counsel sufficiently followed up with J.A. or D.M. regarding their bias. See majority op., ¶¶ 29-31.
¶ 91. That said, both answered "No" on their questionnaires when asked whether there was any reason why they could not be impartial. Additionally, both J.A. and D.M. were present during questioning of the jurors as a group, where questions regarding police credibility arose and neither restated his or her bias. And, finally, the State asked the group whether any prospective jurors could not be fair; neither J.A. nor D.M. responded.
¶ 92. The circuit court and trial counsel in the instant case could have (and should have) asked these two jurors more rigorous, explicit questions to rebut their responses that indicated bias and to firm up their ability to set aside their opinions and biases and base their decision on the evidence. Nevertheless, the record is minimally good enough to demonstrate that each juror was a reasonable person who was sincerely willing to put aside an opinion. Majority op., ¶¶ 29-31. I conclude that the circuit court judge was in the best position to determine whether these prospective jurors were subjectively biased. The circuit court's decision was not clearly erroneous. With regard to objective bias, I conclude that I cannot reverse the *154 circuit court's conclusion, as a matter of law, on the ground that a reasonable judge could not have reached such a conclusion.
¶ 93. For the reasons set forth, I write separately.
¶ 94. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion, except for the first sentence of f 90.

 Wisconsin employs a tripartite classification of juror bias: statutory, subjective, and objective. See State v. Faucher, 227 Wis. 2d 700, 717-19, 596 N.W.2d 770 (1999).
The federal courts do not use this terminology but use analogous principles to discuss jury bias.

 Jury bias is a structural error:
When, concluding in our previous cases that a juror was biased and was erroneously impaneled, the court has reversed the defendant's conviction and ordered a new trial without inquiry into harmless error. These cases reflect the rule that juror bias taints the entire proceeding and requires automatic reversal. Juror bias is a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. Juror bias seriously affects the fairness, integrity, or public reputation of judicial proceedings and is per se prejudicial.
State v. Tody, 2009 WI 31, ¶ 44, 316 Wis. 2d 689, 764 N.W.2d 737 (footnote omitted), abrogated on other grounds by State v. Sellhausen, 2012 WI 5, 338 Wis. 2d 286, 809 N.W.2d 14.

 Wisconsin Stat. § 805.08(1) provides:
Qualifications, examination. The court shall examine on oath each person who is called as a juror to discover whether the juror is related by blood, marriage or adoption to any party or to any attorney appearing in the case, or has any financial interest in the case, or has expressed or formed any opinion, or is aware of any bias or prejudice in the case. If a juror is not indifferent in the case, the juror shall be excused. Any party objecting for cause to a juror may introduce evidence in support of the objection. This section shall not be construed as abridging in any manner the right of either party to supplement the court's examination of any person as to qualifications, but such examination shall not be repetitious or based upon hypothetical questions (emphasis added).
All subsequent references to the Wisconsin Statutes are to the 2011—12 version unless otherwise indicated.

 See, e.g., Tody, 316 Wis. 2d 689, ¶ 36. Tody addresses the statute as follows:
"To be impartial, a juror must be indifferent and capable of basing his or her verdict upon the evidence developed at trial." A juror therefore should be viewed as objectively biased if a reasonable person in the juror's position could not avoid basing his or her verdict upon considerations extraneous to evidence put before the jury at trial.
(Quoting Faucher, 227 Wis. 2d at 715.)
*141 Faucher, 227 Wis. 2d at 715, addresses the statute as follows:
To be impartial, a juror must be indifferent and capable of basing his or her verdict upon the evidence developed at trial. Irvin v. Dowd, 366 U.S. 717, 722, 81 S. Ct. 1639, 6 L. Ed. 2d 751 (1961). The requirement that a juror be indifferent is codified in Wis. Stat. § 805.08(1) (1995-96). That statute requires the circuit court to examine on oath each person who is called as a juror to discover if he or she "has expressed or formed any opinion or is aware of any bias or prejudice in the case." Wis. Stat. § 805.08(1). The statute directs that "[I]f a juror is not indifferent in the case, the juror shall be excused." Id. We have stated that even the appearance of bias should be avoided. [State v.] Louis, 156 Wis. 2d [470,] 478, 457 N.W.2d 484 [(1990)]. (Footnote omitted.)

 In Oswald v. Bertrand, 249 F. Supp. 2d 1078 (E.D. Wis. 2003), the federal district court granted habeas corpus to a defendant convicted in a Wisconsin circuit court. The district court ruled that the Wisconsin circuit court had failed to comply with the Seventh Circuit requirement of an "unequivocal" declaration by a juror. In contrast, the federal court of appeals affirmed the district court but concluded that the inquiry the Wisconsin circuit court conducted "flunked the constitutional test that 'the investigation be reasonably calculated to resolve the doubts raised about the juror's impartiality.' " Oswald v. Bertrand, 374 F.3d 475 (7th Cir. 2004) (quoted source omitted).

 For a discussion of the development of Wisconsin's juror bias case law and the challenges that the case law has created for the bench and bar, see Kurt F. Ellison, Getting Out of the Funk: How Wisconsin Courts Can Protect Against the Threat to Impartial Jury Trials, 96 Marq. L. Rev. 953 (2013).

 In United States v. Taylor, 777 F.3d 434, 441 (7th Cir. 2015), the Seventh Circuit Court of Appeals stated the applicable test as follows:
The requirement of an impartial jury is met when "the prospective juror has given final, unequivocal assurances, deemed credible by the judge, that for purposes of deciding the case, she can set aside any opinion [she] might hold, relinquish her prior beliefs, or lay aside her biases or her prejudicial personal experiences." Allen ....
A prospective juror does not come to the courtroom as a tabula rasa. The important question is whether the juror can put aside the experiences and beliefs that may prejudice his view of the case and render a verdict based on the evidence and the law. Although R.W. was initially equivocal. . . the judge's follow-up examination cleared up the ambiguity. The judge asked him if he "could be fair and impartial to both sides and decide this case only *145 on the evidence introduced during this trial and the law that I am giving you." To this question R.W. answered "yes" without qualification. This unequivocal assurance—deemed credible by the trial judge—is sufficient.

 See also State v. Oswald, 2000 WI App 2, ¶ 19, 232 Wis. 2d 62, 606 N.W.2d 207.

 In United States v. Allen, 605 F.3d 461, 466 (7th Cir. 2010), the Seventh Circuit Court of Appeals upheld the district *148 court's seating a juror despite her multiple equivocal and unequivocal comments as follows:
We do not doubt that the trial judge's questioning of the prospective juror could have been more explicit in determining whether she would be able to "set aside any opinion [she] might hold," Patton, 467 U.S. at 1036 . . . "relinquish her prior beliefs," Thompson, 248 F.3d at 626, or "lay aside her biases or her prejudicial personal experiences," Gonzalez, 214 F.3d at 1114. Nevertheless—given the relatively minimal bias the prospective juror must have had toward finding this particular defendant guilty, her final and unequivocal statement that she would give Allen the benefit of the doubt until the close of trial, and her demonstrated ability to follow the judge's instructions—we hold that the district court was within its discretion to find that the prospective juror' prior experience would not impede her ability to decide the case fairly. So we find no violation of Allen's rights to due process and to an impartial jury.

 See, e.g., United States v. Jones, 716 F.3d 851, 857 (4th Cir. 2013) ("Although a juror's avowal of impartiality is not dispositive, if a district court views juror assurances of contin *149 ued impartiality to be credible, the court may rely upon such assurances in deciding whether a defendant has satisfied the burden of proving actual prejudice." (citation omitted)) (citing Murphy v. Florida, 421 U.S. 794, 800 (1975)); Montgomery v. Bobby, 654 F.3d 668, 684 (6th Cir. 2011) ("When presented with an allegation of bias, the question is 'did a juror swear that [s]he could set aside any opinion [s]he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed.'" (quoted source omitted); finding no juror bias when judge asked whether juror's self-reported bias would "have any effect on your consideration of the matter that is before the jury now?" with the juror responding, "No, no"); United States v. Rowe, 144 F.3d 15 (1st Cir. 1998) (explaining that the trial court finding of no juror bias will be upheld unless clearly erroneous; finding no bias where the trial court "asked Juror A whether his concern would 'in any way impede or impair [his] impartial consideration of the case,' and the juror assured the court that his evaluation of the case would be impartial.") (juror's exact response not provided in opinion).

 I do not address the question whether pretrial media coverage of Lepsch's case contributed to a biased jury. The parties did not raise it. Pretrial publicity cases seem to be analyzed somewhat differently than the question of the bias exhibited by an individual prospective juror. See Skilling v. United States, 561 U.S. 358 (2010) (a pretrial publicity case).

 See Wis. Stat. § 805.08(1); majority op., ¶¶ 40-43.

 The prospective juror in Faucher, 227 Wis. 2d at 731-32, was unequivocal and unambiguous in stating he would follow the law; the circuit court seated the juror. Nevertheless, this court concluded that the circuit court erred as a matter of law in seating the juror. The court reversed the circuit court, concluding that under the circumstances of that case a reasonable judge could not have believed that the prospective juror could truly set aside his strongly held belief.

 See, e.g., State v. Sellhausen, 2012 WI 5, ¶ 29, 338 Wis. 2d 286, 809 N.W.2d 14; State v. Lindell, 2001 WI 108, ¶ 49, 245 Wis. 2d 689, 629 N.W.2d 223; Kanzenbach v. S.C. Johnson & Son, Inc., 273 Wis. 621, 627, 79 N.W.2d 249 (1956).
This guiding principle rings true now more than ever. The Sixth Amendment guarantee of an impartial jury and concern over systemic loss of confidence injury verdicts have moved the United States Supreme Court to recently re-examine Batson claims and the jury "no-impeachment rule" to eliminate racial *153 bias in the jury system. See Foster v. Chatman, 136 S. Ct. 1737 (2016); Pena-Rodriguez v. Colorado, No. 15—606, 2017 WL 855760 (U.S. Mar. 6, 2017).

 Justice Ann Walsh Bradley does not join this sentence.