Argued January 18, reversed and remanded February 25,
petition for rehearing denied March 23, 1971

CLEO PARKS, *Appellant, v.*
CUPP, *Respondent.*
481 P2d 372

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Petitioner's post-conviction petition alleges that in 1950 he was convicted by a Klamath County jury of the crime of kidnapping and sentenced to 25 years, and that three members of his jury were at that time active police officers, two being Klamath County deputy sheriffs, and one a Klamath Falls city policeman, who also served as the jury foreman. Attached as an exhibit to the petition is a page of the court journal containing the names of the jurors and the witnesses who testified. One of these witnesses is described thereon as "sheriff" and another as "state policeman." The defendant demurred to the amended

petition. The trial court sustained the demurrer and dismissed the petition. Petitioner appeals.

Oregon Constitution, Art I, § 11, states: "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *."

In *Garrison v. City of Portland*, 2 Or 123, decided in 1865, the Oregon court said:

"The *Code, section* 184, *subdivision* 4, leaves the question of what is a disqualifying interest to the common law rule, and it must therefore be interpreted in the light of adjudicated cases. The theory of a trial by jury is, that the jurors shall stand absolutely indifferent between the parties litigant; that they shall be as free from interest or prejudice as it is possible for humanity to be. The authorities are numerous and uniform to the effect that an interest in the event of the suit, though small and remote, disqualifies the juror * * *." 2 Or at 124.

■ 47 Am Jur2d 708, Jury § 98 (1969), under the title "Law enforcement officers as jurors," discusses the rules which have been applied in various states, as does an Annotation, "Police officers or other law enforcement officers as qualified grand or petit jurors in criminal cases," in 140 ALR 1183-88 (1942). In the absence of particular statutory provisions disqualifying them, we conclude it is the general rule that a police officer is not disqualified from jury service on that ground alone, but his employment may well serve in a particular case as a proper basis for challenge on the ground of implied bias. *State v. Lewis*, 50 Nev 212, 255 P 1002 (1927); *Clubb v. State*, 230 Ark 688, 326 SW2d 816 (1959); *The People v. Ward*, 32 Ill2d 253, 204 NE2d 741, *cert denied* 384 US 1022 (1965); *State v. Jackson*, 275 Minn 462, 147 NW2d 689 (1967);

ORS 136.220 (2)(c). Petitioner here, however, does not allege that he challenged any of the three jurors on that ground.

Petitioner contends that the Sixth Amendment guarantee to an "impartial jury" in the United States Constitution requires a different rule. In *Cavness v. United States*, 187 F2d 719 (9th Cir), *cert denied* 341 US 951, 71 S Ct 1019, 95 L Ed 1374 (1951), the court considered an identical challenge and said:

> "Since the challenge was made upon motion for a new trial, our inquiry upon review is limited to whether being a reserve police officer was 'so obvious a disqualification or so inherently prejudicial as a matter of law * * * to require the court * * * to set the verdict aside and grant a new trial.' Frazier v. United States, 1948, 335 U.S. 497, 513, 69 S.Ct. 201, 210, 93 L.Ed. 187.

> "Membership in a police force is no disqualification for jury duty. 28 U.S.C.A. § 1861; Hawaii Rev. Laws 1945, §§ 9791, 9792; United States v. Wood, 1936, 299 U.S. 123, 141, 57 S.Ct. 177, 81 L.Ed. 78. No actual bias or prejudice on the part of the juror was shown, and none will be presumed from the mere fact of being a reserve police officer. Dennis v. United States, 1950, 339 U.S. 162, 171, 70 S.Ct. 519, 94 L.Ed. 734, and see United States v. Wood, supra, 299 U.S. at page 140, note 9, 57 S.Ct. 177." 187 F2d at 722-23.

■ Accordingly, we conclude the fact that there were three police officers on the jury which convicted the petitioner does not alone entitle him to a new trial under either Oregon Constitution, Art I, § 11, or U.S. Const. amend. VI.

■ One count of the petition charges, in addition to the foregoing allegations, incompetence of counsel, because, though requested by the petitioner at the time

to do so, he failed and refused to exercise an otherwise unused peremptory challenge to exclude the twelfth juror, who was the last of the three police officers to be impaneled. It further alleges the fact of such employment was established during the *voir dire* examination of the juror.[1]

The state urges that this case is governed by *Cole v. Cupp,* 3 Or App 616, 475 P2d 428, Sup Ct *review denied* (1970), and *Wheeler v. Cupp,* 3 Or App 1, 470 P2d 957, Sup Ct *review denied* (1970). Here the petition expressly alleges that the petitioner requested his counsel to challenge the third police officer impaneled and that counsel failed and refused to do so. No such allegation was present in *Cole v. Cupp,* supra, nor, in sharp contrast to this case, was there any allegation there of facts from which an inference of prejudice might be drawn.

In *Wheeler v. Cupp,* supra, we said:

"* * * [I]t is not enough to claim in a post-conviction proceeding that a ruling, duly objected to and preserved on appeal, was of constitutional dimension, when the direct appeal was dismissed upon the motion of his attorney made with the written consent of the defendant. We hold the pe-

---

[1] When relied upon as a ground for post-conviction relief, incompetence of counsel must be specifically alleged. This petition actually alleges only that "the proceedings as set forth above resulted in a substantial denial of petitioner's rights to effective representation of counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States."

We will assume, for the purposes of this case only, that this allegation sufficiently alleges incompetence of counsel within the meaning of Cole v. Cupp, infra; Wheeler v. Cupp, infra; North v. Cupp, 254 Or 451, 459, 461 P2d 271 (1969), *cert denied* 397 US 1054 (1970); Herron v. Cupp, infra, and the authorities relied upon therein.

titioner must allege facts sufficient to show fraud, coercion or such gross incompetence of counsel as to amount in law to a denial of the right to counsel guaranteed by the Sixth Amendment. No such allegations were contained in the first cause of action. The demurrer was correctly sustained \* \* \*." 3 Or App at 8.

We adhere to that rule. The question here is simply whether this petition alleges facts sufficient to entitle the petitioner to a hearing on the merits.

In *Herron v. Cupp,* 1 Or App 300, 462 P2d 444 (1969), we held that a petition for post-conviction relief to set aside a plea of guilty on grounds of incompetency of counsel in stipulating to certain facts and allowing the petitioner based thereon to plead guilty to second-degree murder sufficiently alleged facts entitling him to a hearing on the merits. We said:

"In *Fay v. Noia,* 372 US 391, 439, 83 S Ct 822, 9 L Ed2d 837 (1963), the United States Supreme Court said, 'A choice made by counsel not participated in by petitioner does not automatically bar relief.' " 1 Or App at 303-04.

■ Whether, in these highly unusual circumstances where three police officers were already impaneled, the failure of counsel to excuse the third such juror, as the petitioner expressly requested, was, or was not, " 'of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice,' "[2] presents a question of fact that can only be answered after hearing on the merits.

Judgment reversed, and the case remanded for a hearing on the merits of the petition.

---

[2] North v. Cupp, supra.