The STATE of Utah, Plaintiff and Respondent,

v.

Stephan Michael VAN DAM, Defendant and Appellant.

No. 14314.

Supreme Court of Utah.
Sept. 21, 1976.

---

Ronald J. Yengich, of Salt Lake Legal Defenders Assoc., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a rape conviction. Affirmed.

Defendant says: 1) That his federal Fourth Amendment rights were fractured, as was its corollary, Art. I, Sec. 12, Utah Constitution, when hair samples were taken from his body; 2) that the trial court erred in not letting defendant question the prosecutrix about her pregnancy and abortion; 3) that it was error not to excuse from jury duty for cause, a police officer; 4) that it was error to rule that if defendant took the stand he could be questioned as to the nature of a felony (rape) he had previously committed.

During the night, a Mrs. Howard had intercourse with her husband. Thereafter, at 3:00 a. m. defendant allegedly crawled through her bedroom window and raped her. Fingerprints, defendant's hair, blood and samples were admitted in evidence. Defendant chose not to testify, but three other persons testified in his behalf, after which the jury determined his guilt as a rapist.

As to 1), the hair problem: Art. I, Sec. 12 of the Utah Constitution says "The accused shall not be compelled to give evidence against himself." The Fourth Amendment to the U.S. Constitution says "The right of the people . . . against unreasonable searches and seizures shall not be violated." The Fifth Amendment thereto says "No person . . . shall be compelled in any criminal case to be a witness against himself."

█ Defendant urges that the hair taking (after arrest and while in custody, when defendant volunteered that he wouldn't resist but would object) violated his Utah and federal constitutional rights under the Utah section and Fourth and Fifth federal Amendments. Defendant also urges that the Utah section had a broader application than the Fifth Amendment.

As to state and federal constitutional provisions mentioned, defendant was not *compelled* to give a) evidence, b) or be a witness against himself. The officers relieved him of the hair (without any resistance). Under such circumstances the cases say no constitutional rights are violated.[1]

1. *Gilbert v. U. S.*, 366 F.2d 923 (9 Cir. 1966), for cases analogous to the instant case; *State v. Kelbach*, 23 Utah 2d 231, 461 P.2d 297 (1969); *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Grimes v. U. S.*, 405 F.2d 477 (5 Cir. 1968); *Maxwell v. Stephens*, 229 F. Supp. 205 (D.C.1964), aff'd. 8 Cir., 348 F.2d 325, cert. den., 382 U.S. 944, 86 S.Ct. 387,

■ As to 2) above, about questioning Mrs. H. as to her pregnancy and abortion: It is elementary that the trial court has a wide latitude of discretion as to the extent of such examination.[2] The facts of pregnancy and abortion were established. Beyond that, the court almost obviously concluded that such history was no part of the incident or crime, but was a fishing expedition where the trip was unnecessary and impertinent in two ways.[3] Counsel hit his target more effectively, anyway, in his argument to the jury. We consider this point to be without merit.

■ As to 3) above, re the policeman's disqualification for jury duty, as a public employee,—that is resolved in favor of qualification in *State v. Lybert,* Utah, 520 P.2d 214 (1974). As to a claim of bias, we think a peace officer ipso facto has no built-in bias any more than any other state employee, and if there be any such bias it should be reflected in examining the prospective jury panel. Defendant cites Title 78-46-10(1) and (8) having to do with exemption from jury duty of (1) national guardsmen and (8) an "officer or attendant" of a county jail or state prison. The policeman was none of those in this case. Besides, ultimately he did not serve as juryman in this case.

■ As to 4) above, concerning the trial court's ruling that defendant, if a witness, must testify as to whether he had been convicted of a felony and its nature: Title 77-44-5, U.C.A., says if an accused takes the stand he may be cross-examined as any other witness. We have said that as an adjunct thereto, he must answer as to the nature of the offense.[4] Defendant's reference to Rule 21, Utah Rules of Evidence, saying evidence of conviction of a crime shall be inadmissible to test the witness's credibility is inapropos here, since it is so "except as otherwise provided by statute," which quoted language is the case here,— approved in *Kazda,* (supra), which is the extant state of the law as suggested in our recent case of *State v. Bennett.*[5] The accused hardly can claim that willingly he can assert a constitutional right to remain silent and then claim he was forced to remain silent because he was subject to a statute that requires him, if he testifies, to state the fact and nature of a previous offense. He cannot lay down his own rules about admissibility of evidence that might weaken his defense, while at the same time he has a perfect right to call any reasonable number of character witnesses to strengthen his case.

ELLETT, CROCKETT, and MAUGHAN, JJ., and JOHN F. WAHLQUIST, District Judge, concur.

TUCKETT, J., does not participate herein.

15 L.Ed.2d 353, reh. den., 382 U.S. 1000, 86 S.Ct. 532, 15 L.Ed.2d 490.

2. *State v. Anderson,* 27 Utah 2d 276, 495 P.2d 804 (1972).

3. *State v. McLain,* 74 Ariz. 132, 245 P.2d 278 (1952).

4. *State v. Kazda,* 14 Utah 2d 266, 382 P.2d 407 (1963).

5. 30 Utah 2d 343, 517 P.2d 1029 (1973).