## STATE of Wisconsin, Plaintiff-Respondent,
### v.
## Brian ZURFLUH, Defendant-Apellant.

Court of Appeals

*No. 86–0344–CR. Submitted on briefs September 4, 1986.—Decided October 28, 1986.*

(Also reported in 397 N.W.2d 154.)

For the defendant-appellant the cause was submitted on the briefs of *Mary E. Waitrovich*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Bruce A. Craig*, assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. Brian Zurfluh appeals from a judgment of conviction for the delivery of a controlled substance in violation of sec. 161.14(4)(j), Stats. Zurfluh challenges the trial court's order denying his motion to strike seven prospective jurors for cause. The dispositive issue is whether the court abused its discretion. We conclude that the court properly declined to strike six of the seven jurors but should have dismissed the seventh after she openly doubted her ability to be impartial. We therefore reverse and remand the case for a new trial.

During voir dire of the panel, five jurors said they were personally acquainted with Captain Cross, a police officer involved in coordinating the arrest of Zurfluh. A sixth juror was familiar with Zurfluh through her previous employment. The seventh, Hollander, said that her

stepson's involvement with drugs might cause her to be biased against Zurfluh. The trial court refused to strike any of the seven. Zurfluh used his peremptory challenges to remove four of these jurors, but not Hollander. Zurfluh contends that the court should have dismissed all seven.

Whether to dismiss a juror for cause rests with the discretion of the court. *State v. Chosa*, 108 Wis.2d 392, 400, 321 N.W.2d 280, 285 (1982). A juror's personal knowledge of or acquaintance with a defendant or a witness, without more, is not such cause. *Nyberg v. State*, 75 Wis.2d 400, 405, 249 N.W.2d 524, 526 (1977). The juror must also believe that he or she cannot decide the case fairly on the evidence. *Compare id.* at 405, 249 N.W.2d at 526 (jurors who believed they could not decide case fairly on the evidence were properly excused).

On voir dire, six of the jurors said that their knowledge of Captain Cross or Zurfluh would not impair their ability fairly to determine the evidence. The trial court adequately explained its rationale for not removing these jurors. Their relationships with Captain Cross or Zurfluh were superficial and distant. The trial court did not abuse its discretion in refusing to dismiss the six jurors.

We agree with Zurfluh's contention that the trial court abused its discretion by refusing to dismiss juror Hollander. Section 805.08(1), Stats., requires the trial court to determine whether a juror "is aware of any bias or prejudice in the case," and to excuse a juror who "is not indifferent in the case." A juror who believes he or

she cannot decide the case fairly on the evidence should be excused. *Nyberg*, 75 Wis.2d at 405, 249 N.W.2d at 526.

On voir dire, Hollander said she felt she "might not be able to be fair." When the court explained to her the duties of a juror, Hollander said she understood. The court then asked Hollander whether she would have a problem in making a fair and impartial determination of the evidence. She replied: "I don't know. I might. I'm afraid I might. I wouldn't want to have; but I'm afraid I might. I'm just being honest."

The trial court nevertheless refused to excuse Hollander for cause, saying she had expressed only her distaste for the crime. In the court's opinion, Hollander's difficulties were simply a reflection of her awareness of the crime's seriousness and would not interfere with her ability to decide the case on the evidence.

■

Whatever the trial court's opinion, apparently Hollander did not share the court's confidence in her ability to decide the case fairly and impartially. Moreover, the court never asked her whether it had correctly characterized her problem. In the absence of further clarification of her doubts, she should have been excused under sec. 805.08(1), Stats. Because the trial court failed to follow the statutory direction, it committed an error of law when exercising its discretion. This is an abuse of discretion. *State v. Hutnik*, 39 Wis.2d 754, 763, 159 N.W.2d 733, 737 (1968).

No contention is made that harmless error resulted from the failure to strike juror Hollander. We therefore reverse and remand for a new trial, without reaching Zurfluh's additional contention that he was unconstitu-

tionally deprived of his right to effectively exercise his peremptory challenges.

*By the Court.*—Judgment reversed and new trial ordered.