STATE of Wisconsin, Plaintiff-Respondent,

v.

Dana Anthony LOUIS, Defendant-Appellant. †

Court of Appeals

*No. 89-0044-CR. Submitted on briefs July 11, 1989.—Decided
September 1, 1989.*

(Also reported in 448 N.W.2d 244.)

† Petition to review granted.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Michael R. Klos,* assistant attorney general.

For the defendant-appellant the cause was submitted on the briefs of *Catherine M. Canright,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.   Dana Anthony Louis was convicted of armed robbery, in violation of secs. 943.32(1)(a) and (2), Stats. He appeals from the trial court's order denying his motion for a new trial.[1] His assertions of trial court

---

[1] Louis' notice of appeal states that the appeal is "from the whole of the judgment entered on 12/16/88, in the circuit court for Milwaukee County, the Honorable Michael J. Skwierawski presiding, Case No. L–9269, in favor of the State of Wisconsin and against the defendant, wherein the court denied defendant's post-conviction motion for a new trial." The document that denied Louis' post-conviction motion for a new trial, however, is the trial court's *order* of December 16, 1988. The judgment of conviction was entered March 16, 1988.

The technical defect in the notice of appeal does not deprive us of jurisdiction and, inasmuch as the state has participated in the appeal, the defect has been waived. *See* Rule 807.07(1), Stats.; *see also* Rule 805.18(1), Stats. (defects not affecting substantial rights of an adverse party shall be disregarded) (made applicable to appellate proceedings by Rule 809.84, Stats.), *Northridge Bank v. Community Eye Care Center,* 94 Wis. 2d 201, 203, 287 N.W.2d

error focus on the jury-selection process.

■ The United States and Wisconsin constitutions guarantee a fair and impartial jury trial to every person charged with violating the criminal law. *Hammill v. State,* 89 Wis. 2d 404, 407, 278 N.W.2d 821, 822 (1979). [2]

810, 811 (1980), and *Rhyner v. Sauk County,* 118 Wis. 2d 324, 326, 348 N.W.2d 588, 589 (Ct. App. 1984).

Although no appeal was taken from the March 16, 1988, judgment, *see* Rule 809.30(2)(j), Stats. ("The defendant shall file an appeal from the judgment of conviction and sentence and, if necessary, from the order of the trial court on the motion for post-conviction relief within 20 days of the entry of the order on the post-conviction motion."), Louis' appeal from the December 16, 1988, order denying him a new trial brings before us all of the issues he raises. *See State v. Monje,* 109 Wis. 2d 138, 151–152, 325 N.W.2d 695, 702 (1982).

We fail to comprehend how the concurring opinion can conclude that this footnote "is an unwarranted and gratuitous insult" to counsel. Appellate courts have a duty to ascertain whether they have jurisdiction irrespective of whether the issue is raised. *See Mack v. Joint School Dist. No. 3,* 92 Wis. 2d 476, 484, 285 N.W.2d 604, 608 (1979).

[2]The Sixth Amendment to the United States Constitution provides, as material to this case: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . .." The Sixth Amendment applies to the states as well as to the federal government. *Duncan v. Louisiana,* 391 U.S. 145, 147–149 (1968). Article I, section 7 of the Wisconsin Constitution is, as pertinent here, almost identical to its federal counterpart: "[I]n prosecutions by indictment, or information, [the accused shall enjoy the right] to a speedy public trial by an impartial jury . . .." These rights are also guaranteed by the due-process clauses, U.S. Const. amend. XIV and Wis. Const. art. I, sec. 8. *See Irvin v. Dowd,* 366 U.S. 717, 722 (1961); *Hammill,* 89 Wis. 2d at 407, 278 N.W.2d at 822.

*See also* Rule 805.08(1), Stats. ("If a juror is not indifferent in the case, the juror shall be excused.")[3]

Louis raises two issues that involve this fundamental right. First, he contends that the trial court erroneously refused to strike for cause from the venire panel two Milwaukee police officers who were acquainted with the investigating detective. Second, he contends that a juror's response to voir dire questioning was misleading. We affirm.

## I.

During the course of voir dire, two members of the venire panel indicated that they were Milwaukee police officers and that they knew the investigating officer, a detective with the Milwaukee police department. One told the trial court that he worked in the "Training Bureau" and that he saw the investigating detective "[p]eriodically throughout the year." When asked by the trial court if "it would make any difference to you if [the investigating detective] were a witness in this case, or could you assess his testimony along with everybody else's?" The detective replied that "[i]t wouldn't make any difference."

The other member of the venire panel who was a Milwaukee police officer told the trial court that he, like the investigating officer, was a detective. The trial court then asked whether that would interfere with his ability to be an impartial juror:

---

[3]Rule 805.08, Stats., is applicable to criminal cases. *See* Rule 972.11(1), Stats. (Rules of practice in civil actions generally apply in criminal proceedings unless context "manifestly requires a different construction.")

THE COURT: . . . Would your position or your prior relationship or knowledge of [the investigating detective] make any difference to you in this case?

JUROR NO. 17: No, sir.

THE COURT: You believe you can listen to the testimony and assess every witness who takes the stand on an equal basis?

JUROR NO. 17: Yes, I believe I can.

Counsel for Louis then moved to strike the officers for cause. The motion was denied. Later, when other Milwaukee police officers were identified as possible witnesses for the state, the officers who were potential jurors indicated, in response to the trial court's inquiry, that their answers to the trial court's earlier questions would be the same. Louis' attorney did not ask the two officers any questions, other than how long they had each worked for the Milwaukee Police Department. The officers were peremptorily stricken from the panel, although the appellate record does not reveal by whom.

Louis would have us hold that the trial court abused its discretion in not striking the officers for cause. *See Nyberg v. State,* 75 Wis. 2d 400, 405, 249 N.W.2d 524, 526 (1977) ("Whether a juror is to be dismissed for cause rests within the sound discretion of the trial court.") In essence, Louis seeks a per se rule that police officers of the jurisdiction where the crime was committed are never eligible to serve.[4]

---

[4]This is how Louis puts it in his brief:

Because of the nature of these officers' employment and their long years of association it flies in the face of all reason to assume that they would be fair and impartial and not favorably disposed to the prosecution team. At the very least, they would be biased against the defendant. The most well intentioned persons are going to be effected by the point of view of a co-worker with whom they have had a lengthy, and presumably amicable, association.

The qualifications of jurors in Wisconsin are set by statute. Section 756.01(1), Stats., provides:

> Persons who are U.S. citizens, who are electors of the state, who are possessed of their natural faculties, who are not infirm, who are able to read and understand the English language, and who have not been summoned to attend for prospective service as a petit juror for the time period applicable under s. 756.04 (5m) within 2 years, shall be liable to be drawn as grand or petit jurors.

There is no "police-officer" exception. The *sine qua non* of whether a person is qualified to serve as a juror is whether he or she can be fair and impartial. *Irvin v. Dowd,* 366 U.S. 717, 723 (1961) (juror who can "render a verdict based on evidence presented in court" is not disqualified despite "existence of any preconceived notion as to the guilt or innocence" of the defendant); *accord, State v. Nutley,* 24 Wis. 2d 527, 545–546, 129 N.W.2d 155, 162–163 (1964), *cert. denied,* 380 U.S. 918 (1965). Thus, as we have seen, Rule 805.08(1), Stats., provides for juror disqualification if the person "is not indifferent in the case." We reject the contention that police officers, whose charge is to enforce the law with fairness and impartiality, are, by virtue of their employment alone, per se not eligible to serve as jurors in criminal cases. *See United States v. Wood,* 299 U.S. 123 (1936) (absent actual bias, Sixth Amendment does not require

---

Even if there is no showing of actual bias in the tribunal, due process is denied by circumstances that create the likelihood or the appearance of bias. *Peters v. Kiff,* 407 U.S. 493, 502–503 (1972). In the instant case there is more than a suggestion of impartiality. The facts indicate that the circumstances surrounding [the officers'] association with [the investigating detective] create the likelihood of bias and indicate probable prejudice against the defendant.

206

disqualification of government employees as jurors in criminal cases). *Accord, Dennis v. United States,* 339 U.S. 162, 171–172 (1950); *Frazier v. United States,* 335 U.S. 497, 508–511 (1948). *See also McGeever v. State,* 239 Wis. 87, 96, 300 N.W. 485, 489 (1941) (person not disqualified from service as juror in criminal case because of his part-time employment as a dance-hall inspector "under the supervision of the district attorney and the sheriff."). The trial court properly refused to strike the officers for cause.

## II.

Louis' other assignment of error centers on a juror's alleged failure to be candid during voir dire. The juror had identified himself as working at the "House of Correction as a correctional officer." Later, he was asked two questions by defense counsel:

> [DEFENSE COUNSEL]: [H]ow long have you been a correctional officer at the House of Corrections [sic]?
> JUROR NO. 13: I've been out there about five and a half years.
> [DEFENSE COUNSEL]: Okay. And what are your duties out there?
> JUROR NO. 13: I work third shift. I have the entire time I've been out there, with the exception of training school. And it's basically just to watch everybody sleep. So I know very few people out there, including the inmates.

He served on the jury.

Louis contends that the correctional officer deliberately understated his responsibilities, and points to the correctional officer's testimony during the course of the hearing held on Louis' post-conviction motion:

[Defense Counsel]: And what were your job duties?

[Correctional Officer]: Job duties are to observe inmate residents. I work third shift, so most of that is to observe them sleeping. I have very little verbal contact with them until breakfast wake-up call.[5] Basically it's to make sure if there are any fights they are quickly broken up and to make sure adherence to all House of Correction rules are followed [sic].

Louis testified at the hearing that he and the juror had had run-ins at the House of Correction. The parties stipulated that the House of Correction records showed that from October 1, 1987, through January 8, 1988, Louis was in the correctional officer's unit once, on November 30, 1987, between midnight and 8 am.

When faced with a request for a new trial because of a juror's alleged lack of candor during voir dire, the trial court must make a two-step analysis. *State v. Wyss,* 124 Wis. 2d 681, 726, 370 N.W.2d 745, 766 (1985). It must determine whether a juror has either "incorrectly or incompletely responded to a material question on *voir dire,*" and, if so, it must determine whether "it is more probable than not" that "the juror was biased" against the party seeking the new trial. *Ibid.* Our review of a trial court's findings on these matters is limited to a determination whether they are "clearly erroneous." *Id.* at 732, 370 N.W.2d at 769. The trial court rejected, as not credible, Louis' testimony on this issue, and determined, as expressed during the course of its oral decision, that the correctional officer did not lie during the course of voir dire and did not "fail[ ] to disclose facts

---

[5]He explained that for the "wake up call," he would "stand in the center of the dorm and announce breakfast," and would not go to each inmate individually.

and circumstances critical to the defense." These findings are not clearly erroneous.

*By the Court.*—Order affirmed.

MOSER, P.J. (concurring). I concur in this majority decision but I want to disassociate myself from the content of footnote 1 in that it is an unwarranted and gratuitous insult to both appellant's and respondent's counsel, which was never brought up or discussed at any decision conference.