STATE of Wisconsin, Plaintiff-Respondent,

v.

Dana Anthony LOUIS, Defendant-Appellant-
Petitioner.†

Supreme Court

*No. 89-0044-CR. Argued May 30, 1990.—Decided July 6, 1990.*

(Also reported in 457 N.W.2d 484.)

†Motion for reconsideration denied.

For the defendant-appellant-petitioner there were briefs by *Catherine M. Canright,* and *Foley, Pollack & Canright,* Milwaukee and oral argument by *Catherine M. Canright.*

For the plaintiff-respondent the cause was argued by *James M. Freimuth,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

DAY, J. This is a review of part of a decision of the court of appeals, *State v. Louis,* 152 Wis. 2d 200, 448 N.W.2d 244 (Ct. App. 1989), which affirmed a judgment of conviction for armed robbery and a post-conviction order of the Circuit Court for Milwaukee county, the Honorable Michael J. Skwierawski, Judge.

Defendant-Appellant-Petitioner Dana Anthony Louis (Defendant) was found guilty of armed robbery, contrary to secs. 943.32(1)(a) and (2), Stats. 1985–86,[1]

---

[1]**Section 943.32 Robbery. (1)** Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

on January 8, 1988, following a trial by jury. Defendant contends that at trial, he was deprived of his constitutional right to a fair and impartial jury when the circuit court during *voir dire* denied his request to remove two members of the Milwaukee Police Department from the jury panel for cause. Defendant asserts that as a result he was deprived of two of his four statutorily-granted peremptory challenges, *see* sec. 972.03, Stats. 1985-86,[2] because he was "forced" to use those challenges to strike the police officers from the petit jury.

Two issues are raised on review. First, should "law enforcement officials" of the jurisdiction where the crime was committed be *per se* removed for cause from the venire on the ground of implied bias? If not, second, did the circuit court abuse its discretion when it denied

(a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property . . ..

(2) Whoever violates sub. (1) by use or threat of use of a dangerous weapon or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon is guilty of a Class B felony.

[2] **Section 972.03 Peremptory challenges.** Each side is entitled to only 4 peremptory challenges except as otherwise provided in this section. When the crime charged is punishable by life imprisonment the state is entitled to 6 peremptory challenges and the defendant is entitled to 6 peremptory challenges. If there is more than one defendant, the court shall divide the challenges as equally as practicable among them; and if their defenses are adverse and the court is satisfied that the protection of their rights so requires, the court may allow the defendants additional challenges. If the crime is punishable by life imprisonment, the total peremptory challenges allowed the defense shall not exceed 12 if there are only 2 defendants and 18 if there are more than 2 defendants; in other cases 6 challenges if there are only 2 defendants and 9 challenges if there are more than 2. Each side shall be allowed one additional peremptory challenge if additional jurors are to be impaneled under s. 972.04(1).

Defendant's motion to remove the police officers for cause on the ground of actual bias?

We conclude that law enforcement officials of the jurisdiction where the crime was committed should not be automatically disqualified from the petit jury as a matter of law. We further conclude the circuit court properly exercised its discretion in refusing Defendant's request to remove the police officers for cause because no actual bias had been shown. Accordingly, we affirm the decision of the court of appeals.

The complaint against Defendant, filed on May 18, 1987, charged him with the May 17, 1987, armed robbery of Shaw's Lounge in Milwaukee, Wisconsin. A preliminary examination was held on August 11, 1987, and Defendant was bound over for trial. On January 7, 1988, a jury panel was assembled for *voir dire* examination. Included in the venire were two members of the Milwaukee Police Department, Officer Gilbert Adams and Detective John Wesley. The *voir dire* was commenced by the judge introducing the prosecutor and Detective Dante LaPorte of the Milwaukee Police Department, one of the State's chief witnesses, as well as Defendant and his counsel, to the jury panel. The circuit court asked the members of the venire if any were acquainted with any of those participants. Both Officer Adams and Detective Wesley responded affirmatively. The circuit court then proceeded to question them individually as follows:

THE COURT: And you are Gilbert Adams?

[OFFICER ADAMS]: Yes, sir.

THE COURT: How do you know Mr. LaPorte?

[OFFICER ADAMS]: Milwaukee police officer.

THE COURT: Do you see him regularly?

[OFFICER ADAMS]: Periodically throughout the year.

THE COURT: Where do you work? Do you work in the Department?

[OFFICER ADAMS]: Training Bureau.

THE COURT: Would it make any difference to you if Mr. LaPorte were a witness in this case, or could you assess his testimony along with everybody else's?

[OFFICER ADAMS]: It wouldn't make any difference . . ..

THE COURT: You are?

[DETECTIVE WESLEY]: John Wesley.

THE COURT: How do you know Mr. LaPorte?

[DETECTIVE WESLEY]: I know the detective, and I've had dealings with the D.A. before.

THE COURT: How do you know Mr. LaPorte?

[DETECTIVE WESLEY]: I'm a detective on the Milwaukee Police Department.

THE COURT: Same question . . . for you as I had of Mr. Adams. Would your position or your prior relationship or knowledge of Mr. LaPorte make any difference to you in this case?

[DETECTIVE WESLEY]: No, sir.

THE COURT: You believe you can listen to the testimony and assess every witness who takes the stand on an equal basis?

[DETECTIVE WESLEY]: Yes, I believe I can.

Following these exchanges, Defendant's counsel moved to have Officer Adams and Detective Wesley removed for cause. The circuit court denied the motion, and the *voir dire* proceeded. After additional potential

475

witnesses were introduced, including four other members of the Milwaukee Police Department, the circuit court again questioned Officer Adams and Detective Wesley.

THE COURT: Mr. Adams, with respect to these other police officers, would your answers be any different?

[OFFICER ADAMS]: No, sir.

THE COURT: And Mr. Wesley, how about you?

[DEFECTIVE WESLEY]: No, sir.

THE COURT: Same answers?

[DETECTIVE WESLEY]: Yes, sir.

Subsequently, Defendant's counsel questioned Officer Adams and Detective Wesley as follows:

[MR. LOUIS' COUNSEL]: Mr. Adams, you're a police officer in Milwaukee?

[OFFICER ADAMS]: Yes, sir.

[MR. LOUIS' COUNSEL]: City of Milwaukee?

[OFFICER ADAMS]: Yes.

[MR. LOUIS' COUNSEL]: And how long have you been a police officer.

[OFFICER ADAMS]: 19 years.

[MR. LOUIS' COUNSEL]: And Mr. Wesley, Officer Wesley, I'd ask you the same. How long were you a police officer? '

[DETECTIVE WESLEY]: Going on 13 years.

[MR. LOUIS' COUNSEL]: And that's the Milwaukee Police Department?

[DETECTIVE WESLEY]: Milwaukee Police Department, yes.

476

Each party was then permitted to exercise their peremptory challenges and the petit jury was chosen. Both Officer Adams and Detective Wesley were stricken, though the record does not reflect by whom. However, Defendant's counsel claims he struck Officer Adams and Detective Wesley, and the State does not challenge that assertion.

Trial commenced and culminated in a guilty verdict. Judgment of conviction was entered on March 16, 1988. On October 14, 1988, Defendant's counsel filed a post-conviction motion contending that Defendant was denied his constitutional right to a fair and impartial jury and seeking a new trial. Defendant asserted two grounds in support of his contention. First, Defendant argued that the circuit court erred by failing to remove Officer Adams and Detective Wesley from the jury panel for cause. Second, Defendant argued that another member of the venire, who eventually served on the petit jury, had not been fully candid regarding his employment at the House of Corrections. On December 16, 1988, the circuit court denied Defendant's motion.

Defendant appealed, raising the same arguments. The court of appeals affirmed. The court of appeals concluded that the circuit court properly exercised its discretion in refusing to strike Officer Adams and Detective Wesley for cause. *Louis*, 152 Wis. 2d at 207. The court of appeals rejected Defendant's contention that police officers are *per se* ineligible to serve as petit jurors. *Id.* at 206. The court of appeals further concluded that the circuit court did not err in rejecting Defendant's argument that one of the jury members had not been candid during *voir dire. Id.* at 208–09.

Defendant petitioned this court for review, which was granted. Defendant's only contention in this court is that the circuit court erred in refusing to remove Officer

Adams and Detective Wesley from the venire for cause. We conclude that the circuit court committed no error. Accordingly, we affirm.

A criminal defendant is guaranteed the right to a trial by an impartial jury by Article I, Section 7 of the Wisconsin Constitution[3] and the Sixth Amendment of the United States Constitution,[4] as well as principles of due process. *See Hammill v. State,* 89 Wis. 2d 404, 407, 278 N.W.2d 821 (1979). Prospective jurors are presumed impartial, and the challenger to that presumption bears the burden of proving bias. *Irvin v. Dowd,* 366 U.S. 717, 723 (1961); *McGeever v. State,* 239 Wis. 87, 96, 300 N.W.2d 485 (1941). Bias may be either implied as a matter of law or actual in fact. *United States v. Wood,* 299 U.S. 123, 133 (1936); *State v. Wyss,* 124 Wis. 2d 681, 730, 370 N.W.2d 745 (1985). Even the appearance of bias should be avoided. *Peters v. Kiff,* 407 U.S. 493, 502 (1972); *Nyberg v. State,* 75 Wis. 2d 400, 404, 249 N.W.2d 524 (1977). The question of whether a prospective juror is biased and should be dismissed from the jury panel for cause is a matter of the circuit court's discretion. *Frazier v. United States,* 335 U.S. 497, 511 (1948); *Nyberg,* 75 Wis. 2d at 405. The circuit court must be satisfied that it is more probable than not that the juror was biased. *Wyss,* 124 Wis. 2d at 730. A determination by the circuit court that a prospective juror can be impartial should be

---

[3] ARTICLE I, SECTION 7. WISCONSIN CONSTITUTION. [I]n prosecutions by indictment, or information [the accused shall enjoy the right] to a speedy public trial by an impartial jury . . ..

[4] SIXTH AMENDMENT. UNITED STATES CONSTITUTION. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . ..

overturned only where bias is "manifest." *Irvin,* 366 U.S. at 723–24; *Hammill,* 89 Wis. 2d at 416.

Defendant contends that the circuit court abused its discretion in failing to remove Officer Adams and Detective Wesley for cause because both were implicitly and actually biased. Defendant first argues that by the very nature of their occupation, police officers of the jurisdiction where the crime was committed are implicitly biased against the defense, and this court should adopt a *per se* rule precluding those persons from eligibility for the petit jury. Defendant next argues that irrespective of our resolution of that issue, Officer Adams and Detective Wesley still should have been removed for cause on the ground of actual bias because both admitted during *voir dire* that they were acquainted with some of the trial's participants. We find neither of Defendant's arguments persuasive.

We disagree with Defendant's contention that law enforcement officials should be *per se* ineligible to serve as jurors. Both the United States Supreme Court and this court have been reluctant to exclude groups of persons from serving as petit jurors as a matter of law. *See, e.g., Smith v. Phillips,* 455 U.S. 209, 215–17 (1982); *Irvin,* 366 U.S. at 722–23; *Dennis v. United States,* 339 U.S. 162, 168, 172 (1950); *Frazier,* 335 U.S. at 513; *Wood,* 299 U.S. at 149; *State v. Sarinski,* 91 Wis. 2d 14, 33, 280 N.W.2d 725 (1979); *McGeever,* 239 Wis. at 96. Rather, the circuit court has been given broad discretion to ensure that the jury as finally selected is impartial. *Frazier,* 335 U.S. at 511; *Hammill,* 89 Wis. 2d at 415. We see no rational reason why the question of whether individual law enforcement officials can serve impartially on the petit jury should be removed from the circuit court's discretion. Law enforcement officials are not among

those groups the legislature has expressly excluded from jury service.[5] We disagree with Defendant's contention that law enforcement officials are implicitly biased. We object to the premise of Defendant's argument—that in spite of their sworn oath as jurors, law enforcement officials would be biased against a defendant as a result of the nature of their occupation and their possible professional associations, no matter how attenuated, with some of the trial's participants. We do not agree with such a presumption.

This court has not previously addressed the precise issue raised here, but related decisions have similarly rejected *per se* disqualification. For example, in

---

[5]*See* secs. 756.01, 756.02, and 805.08(1), Stats. 1985–86 which provide as follows:

**Section 756.01 Qualifications of jurors.** (1) Persons who are U.S. citizens, who are electors of the state, who are possessed of their natural faculties, who are not infirm, who are able to read and understand the English language, and who have not been summoned to attend for prospective service as a petit juror for the time period applicable under s. 756.04(5m) within 2 years, shall be liable to be drawn as grand or petit jurors.

**Section 756.02 Exemptions and excuses from jury service.** (1) Judges and attorneys who claim an exemption pursuant to this section shall be exempt from jury service. No other qualified juror is exempt from jury service.

**Section 805.08 Jurors.** (1) QUALIFICATIONS, EXAMINATION. The court shall examine on oath each person who is called as a juror to discover whether the juror is related by blood or marriage to any party or to any attorney appearing in the case, or has any financial interest in the case, or has expressed or formed any opinion, or is aware of any bias or prejudice in the case. If a juror is not indifferent in the case, the juror shall be excused. Any party objecting for cause to a juror may introduce evidence in support of the objection. This section shall not be construed as abridging in any manner the right of either party to supplement the court's examination of any person as to qualifications, but such examination shall not be repetitious or based upon hypothetical questions.

*McGeever,* this court held that a prospective juror's past employment as a dance hall inspector, under the supervision of the local district attorney and sheriff, did not *per se* disqualify him from jury service. *Id.,* 239 Wis. at 96–97. In *Nyberg,* this court held that the circuit court did not abuse its discretion in refusing to remove for cause three prospective jurors, one of whom was a retired sheriff, who were friends of the investigating officer in the case. *Id.,* 75 Wis. 2d at 404–05. In *State v. Chosa,* 108 Wis. 2d 392, 321 N.W.2d 280 (1982), a Native American Chippewa was alleged to have murdered his half-brother on the Lac du Flambeau Reservation. This court concluded that the circuit court erred when it excluded all Native Americans from the jury panel on the basis that they "probably" knew the defendant and victim. *Id.* at 393–94. This court held that a prospective juror's status as a Native American was alone insufficient grounds for removal, and that the circuit court should have questioned the Native American members of the jury panel individually to determine whether actual bias existed. *Id.* at 395.

In several analogous civil cases, this court has held that the fact that a prospective juror was an acquaintance, employee, or policyholder of a litigant was alone insufficient grounds for *per se* disqualification. *See, e.g., Nolan v. Venus Food, Inc.,* 64 Wis. 2d 215, 225, 218 N.W.2d 507 (1974); *Kanzenbach v. S.C. Johnson & Son, Inc.,* 273 Wis. 621, 626, 79 N.W.2d 249 (1956); *Good v. Farmers Mut. Ins. Co.,* 265 Wis. 596, 598–99, 62 N.W.2d 425 (1954).

While not addressing the specific issue raised here, analogous decisions of the United States Supreme Court are consistent with our holding. *See, e.g., Dennis,* 339 U.S. 162; *Frazier,* 335 U.S. 497; *Wood,* 299 U.S. 123. In each of these cases, the Supreme Court held that govern-

ment employees were not *per se* disqualified from serving as jurors in criminal cases. In *Wood,* the Supreme Court stated the rationale for its rule as follows:

> We think that the imputation of bias simply by virtue of governmental employment, without regard to any actual partiality growing out of the nature and circumstances of particular cases, rests on an assumption without any rational foundation.

*Id.* at 149. We find Defendant's assumption that law enforcement officials are implicitly biased against defendants equally unfounded.

■ The overwhelming majority of jurisdictions that have addressed the issue raised here have concluded that law enforcement officials should not be *per se* ineligible to serve as petit jurors. *See, e.g., United States v. McCord,* 695 F.2d 823, 827–28 (5th Cir. 1983); *United States v. Mitchell,* 556 F.2d 371, 379 (6th Cir. 1977); *United States v. Le Pera,* 443 F.2d 810, 812 (9th Cir. 1971); *Mikus v. United States,* 433 F.2d 719, 724 (2nd Cir. 1970); *Fordham v. State,* 513 So. 2d 31, 34–35 (Ala. Ct. App. 1986); *State v. Heald,* 443 A.2d 954, 956 (Me. 1982); *State v. Pawley,* 123 Ariz. 387, 599 P.2d 840, 842 (Ct. App. 1979); *State v. Radi,* 578 P.2d 1169, 1175 (Mont. 1978); *State v. Hunt,* 37 N.C. App. 315, 246 S.E.2d 159, 163 (1978); *State v. Van Dam,* 554 P.2d 1324, 1326 (Utah 1976); *State v. Clark,* 164 Conn. 224, 319 A.2d 398, 400 (1973); *Commonwealth v. Colon,* 233 Pa. Super. 202, 299 A.2d 326, 328 (1972); *Parks v. Cupp,* 5 Or. App. 51, 481 P.2d 372, 374 (1971). In *McCord,* for example, the jury panel included a Department of Corrections employee, a part-time volunteer sheriff, a retired sheriff, and a member of the sheriff's volunteer emergency staff. The defendant's argument that all four

should have been removed for cause on the basis of implicit bias was rejected, and two of the four eventually served on the petit jury. On appeal, the Fifth Circuit Court of Appeals affirmed, stating:

> [O]ne's official position as a member of the law enforcement community does not require a court in the exercise of its discretion to excuse a juror for cause where the juror has stated that he or she could remain impartial.

*Id.* at 828. Similarly, in *Mikus,* the jury panel included a former police officer and the wife of a state trooper. Both stated during *voir dire* that they could render an impartial verdict. The defendant's contention that both were implicitly biased was rejected. The Second Circuit Court of Appeals affirmed, stating:

> This court does not choose to create a set of unreasonably constricting presumptions that jurors be excused for cause due to certain occupational or other special relationships which might bear directly or indirectly on the circumstances of a given case, where, as here, there is no showing of actual bias or prejudice.

*Id.* at 724. We agree with that declaration. Absent actual proof to the contrary elicited during *voir dire,* there is simply no basis for concluding that law enforcement officials would not act in accordance with their sworn duty and decide a case impartially on the basis of the evidence presented.

We also disagree with Defendant's contention that Officer Adams and Detective Wesley should have been removed for cause on the ground of actual bias. The circuit court recognized the potential for bias that existed because Officer Adams and Detective Wesley

were employed by the Milwaukee Police Department and acquainted with some of the participants in the trial. Accordingly, they were examined by the circuit court individually to determine whether actual bias existed. Both Officer Adams and Detective Wesley stated unequivocally that they could independently assess the credibility of the witnesses. While such expressions are not conclusive, evaluating the subjective sincerity of those expressions is a matter of the circuit court's discretion. *Sarinski,* 91 Wis. 2d at 33. The circuit court concluded that Officer Adams and Detective Wesley could decide the case fairly and impartially, without bias, based solely upon the evidence presented. The record amply supports that conclusion, and is barren of any proof that Officer Adams or Detective Wesley had actual bias. Defendant's counsel had the opportunity to prove that Officer Adams and Detective Wesley were not "indifferent in the case" during *voir dire,* but the few questions posed to them merely reestablished that they were members of the Milwaukee Police Department. Section 805.08(1), Stats. A prospective juror's knowledge of or acquaintance with a participant in the trial, without more, is insufficient grounds for disqualification. *State v. Zurfluh,* 134 Wis. 2d 436, 438, 397 N.W.2d 154 (Ct. App. 1986). "The juror must also believe that he or she cannot decide the case fairly on the evidence." *Id.* We conclude the circuit court's exercise of its discretion was proper.

*By the Court.*—The decision of the court of appeals is affirmed.

SHIRLEY S. ABRAHAMSON, J. *(concurring).* I concur with the majority opinion's conclusion that no rule should exclude all law enforcement officers from jury duty in every criminal case as a matter of law and that

the circuit court did not abuse its discretion in this case. Law enforcement officials should not be singled out as a group for exclusion from jury duty simply because of their chosen profession.

Excluding all police as jurors could be construed as a judicial finding that law enforcement officers cannot be fair to an accused or that the public perceives all officers as biased. Such a finding would be inconsistent with the public's expectation that law enforcement officials abide by standards of fairness. Although law enforcement officers have an obligation to ferret out crime, they also have a duty, shared with all in the administration of justice, to "respect the constitutional rights of all men to liberty, equality, and justice." Law Enforcement Code of Ethics.

When any segment of the community, including law enforcement officers (and by implication their families?), is excluded as a matter of law from jury service based on stereotypes and innuendo, the representativeness of the jury is reduced and the jury loses one of a variety of perspectives on human events. The legislative policy embodied in the jury qualification statutes, secs. 756.01 and 756.02, Stats. 1987–88, is to allow all citizens to serve.

If we exclude law enforcement officers as jurors in all criminal proceedings, must we also exclude all doctors as a matter of law in every proceeding involving a doctor as a witness or party? All construction workers when a construction worker is a witness or party to a dispute? All employees engaged in the same type of employment as a witness or party?

I write separately to emphasize that circuit courts should, of course, be particularly sensitive to a motion to remove for cause a law enforcement officer who has a real relation with either the case or a fellow officer who

will be called as a witness. Circuit courts should, as they do in the case of any potential juror who is a co-employee or an acquaintance of a witness, conduct a rigorous examination of the potential juror to ensure that any existing relationship does not interfere with the juror's duty to view the evidence impartially.

WILLIAM A. BABLITCH, J. *(dissenting)*. Two policemen from the City of Milwaukee Police Department were potential jurors in a criminal case. One of their colleagues from the same police department sat at counsel table with the prosecutor, was the functional equivalent of an assistant prosecutor in the eyes of anyone watching, and was also going to be a witness on behalf of the State of Wisconsin in attempting to prove the criminal charges against the defendant.

The majority concludes that the circuit court was correct in not striking the two police officers. I disagree and accordingly dissent.

I have no doubt that these police officers were sincere in their assertions that they could be impartial. That is not the point. It is the appearance of partiality that gives great pause. Jurors must not only be fair and impartial; they must also not have a relationship to either side which leaves doubt about their impartiality. *Crawford v. United States,* 212 U.S. 183 (1909).

Police officers are not, and should not be, neutral in their pursuit of criminal activity. Solving crimes, as has often been pointed out, is a very competitive enterprise. We insist that neutral and detached magistrates issue search and arrest warrants, not police officers. Police officers are intricately involved in nearly every aspect of a criminal prosecution. Prosecutors could not do their job without them. They are partners in prosecution.

Thus, no matter how completely impartial in fact police officers may be, they should not be allowed to sit on criminal juries. The appearances are simply not right.

It is unnecessary to put the police in this position. It is unnecessary to create any impression of unfairness.

Ask any member of the public: you are the defendant in a criminal action. You were arrested by the police, booked by the police, questioned by the police, and a policeman will testify against you. The jury may have to weigh your testimony against that of the testifying police officer. Should police officers be allowed to sit on the jury that will determine your guilt or innocence? The answer would be overwhelming.

I conclude that the defendant was denied his rights under the Sixth and Fourteenth amendments to the United States Constitution and art. I, secs. 7 and 8 of the Wisconsin Constitution. I therefore dissent.

I am authorized to state that Chief Justice Nathan S. Heffernan joins in this dissent.