COURT OF APPEALS
DECISION
DATED AND FILED

May 25, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2001-CR**

Cir. Ct. No. **2020CM445**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

HEATHER L. WESTRICH,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Jefferson County: ROBERT F. DEHRING, JR., Judge. *Affirmed*.

¶1     FITZPATRICK, J.[1]  Heather Westrich appeals a judgment of conviction and postconviction order of the Jefferson County Circuit Court. Westrich argues that the judgment of conviction should be reversed because,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

according to Westrich, one of the jurors was biased and should not have been allowed to serve on the jury. I disagree and affirm the judgment and order of the circuit court.

## BACKGROUND

¶2    Westrich was charged with two counts of misdemeanor battery and one count of disorderly conduct. During jury selection, the prosecutor named the then-alleged victim as one of the witnesses that would be called by the State during the trial. The following exchange then occurred between the circuit court and Juror V.[2]:

> THE COURT: Is there anyone that is related by blood or marriage or has a close personal or business relationship with any of the State's witnesses? [Potential Juror V.]?
>
> POTENTIAL JUROR [V.]: I just -- we were friends back in the day.
>
> THE COURT: You and who?
>
> POTENTIAL JUROR [V.]: Me and [victim].
>
> THE COURT: You and [victim] were friends back in the day?
>
> POTENTIAL JUROR [V.]: Yep.
>
> THE COURT: Okay.
>
> POTENTIAL JUROR [V.]: She was a grade ahead of me in high school.
>
> THE COURT: Okay. You knew her from high school?

---

[2] Consistent with Westrich's briefs, we refer to the juror as "Juror V." or "Potential Juror V."

POTENTIAL JUROR [V.]: Yep.

THE COURT: Did you have any sort of friendship or acquaintance?

POTENTIAL JUROR [V.]: Just friends.

THE COURT: Okay. Because of this relationship, do you feel that you'll be unable to be fair to one side or the other in this trial?

POTENTIAL JUROR [V.]: I'm just letting you know.

THE COURT: To put it another way, will you be able to put your relationship aside and decide the case fairly and impartially upon the evidence and based solely upon that evidence and under the Court's instructions as to the law render a just and true verdict?

POTENTIAL JUROR [V.]: Yes.[3]

¶3 Neither attorney asked that Juror V. be excused, and the circuit court did not excuse that then-potential juror. Neither counsel used a preemptory challenge to strike Juror V., and Juror V. served on the jury through verdict.

¶4 The trial testimony included the victim's testimony that Westrich physically attacked her. Another witness testified that he witnessed Westrich physically attack the victim. Westrich was convicted of all three counts: two counts of misdemeanor battery and one count of disorderly conduct.

¶5 Westrich filed a motion for postconviction relief requesting a new trial. Westrich argued that the circuit court erred in not excusing Juror V. based on purported objective bias and, in a related vein, Westrich argued that her trial

---

[3] From information in the record, it appears that the potential juror and the victim attended high school at the same time about 18 to 20 years before the trial in this matter.

counsel was constitutionally ineffective for not requesting that Juror V. be excused from jury service based on the purported objective bias.

¶6      The circuit court denied Westrich's motion for a new trial. The court carefully reviewed on the record at the postconviction hearing the above-mentioned exchange between the court and Juror V. The court also stated:

> And, again, I was there at the trial. The response from the juror was … "I knew the witness back in the day; friendly in high school."
>
> I didn't get any sense that they were close friends. I got the sense from the statements that it was like, "Oh, yeah. I had so-and-so in chemistry class and we were friendly."
>
> The questioning didn't get beyond that. I think the word "friend" might have been used, but it differed from one of the cases you cited, where you had -- say the witness was named "Donald." And the juror was like, "Oh, yeah. I knew Donny. Donny's a great guy," and this and that.
>
> ….
>
> So that's the entirety of the record with Juror [V.] Again, to me, that seems more of … "This was an old relationship and an old friendship and I recognize the witness."

¶7      The circuit court also made findings and conclusions regarding Westrich's claim of ineffective assistance of counsel:

> THE COURT: [Counsel,] [s]aying that there's no way of knowing is another way of saying there's no evidence of it, and I don't think I would have any authority to drag [Juror V.] back in here to ask him questions about that.
>
> I think all the questions were asked in voir dire…. I made a record of "What exactly is this relationship?"
>
> The tenor of it was "Well, I'm just letting you know." … [I]t sounded like "In the interest of full disclosure, I should let you know that I knew this witness

and I considered her a friend back in the day or a long time ago or in the distant past."

… [I]n considering that, I don't think that there's any way of finding that Ms. Westrich was prejudiced here, at least not on this record. I am always interested in making a complete record for the Court of Appeals.[4]

In other words, I wouldn't want this sent back to me because the Court of Appeals said, "You should have made a better record with a *Machner* Hearing on [defense counsel]'s trial strategy when he chose to do nothing about what may have been a friendly juror for one of the State's witnesses."

But I just can't find, I don't think, under any circumstances that based on the evidence in this record or lack of evidence is that there was something untoward going on.

After all, at the end of the day, I asked the juror straight-up whether he could be fair, and he responded, "Yes," and there was no challenge to that or further questioning. So with that, I'll deny the Defendant's Motion for Postconviction Relief.

¶8    Westrich appeals the judgment of conviction and the order of the circuit court denying her postconviction motion.

## DISCUSSION

¶9    Both the U.S. Constitution and the Wisconsin Constitution guarantee a defendant an impartial jury. *State v. Lepsch*, 2017 WI 27, ¶21, 374 Wis. 2d 98, 892 N.W.2d 682. "To be impartial, a juror must be indifferent and capable of basing his or her verdict upon the evidence developed at trial." *Id.* (citation omitted). "Prospective jurors are presumed impartial, and the challenger to that

---

[4] And that is always appreciated.

presumption [here, Westrich] bears the burden of proving bias." *State v. Louis*, 156 Wis. 2d 470, 478, 457 N.W.2d 484 (1990).

¶10 Our supreme court has recognized three types of bias in determining whether a prospective juror is impartial. *State v. Lindell*, 2001 WI 108, ¶34, 245 Wis. 2d 689, 629 N.W.2d 223. The first type of bias is "statutory bias" under WIS. STAT. § 805.08(1).[5] That statute provides that a person who has met certain criteria in the statute is not allowed to serve as a juror regardless of their professed ability to be impartial. *Id.*, ¶35. The second type of bias is "subjective bias." Such bias "'is revealed through the words and the demeanor of the prospective juror' and 'refers to the prospective juror's state of mind.'" *Id.*, ¶36 (citation omitted).

¶11 The third type of bias is "objective bias," and that is the type of bias alleged by Westrich in this appeal. Objective bias recognizes that some bias can be detected from facts and circumstances surrounding the prospective juror's answers regardless of the juror's statement of impartiality. *Id.*, ¶38. Our supreme court has stated the following regarding objective bias:

> [T]he focus of the inquiry into "objective bias" is not upon the individual prospective juror's state of mind, but rather upon whether the reasonable person in the individual prospective juror's position could be impartial. When assessing whether a juror is objectively biased, a

---

[5] WISCONSIN STAT. § 805.08(1) states in relevant part:

> The court shall examine on oath each person who is called as a juror to discover whether the juror is related by blood, marriage or adoption to any party or to any attorney appearing in the case, or has any financial interest in the case, or has expressed or formed any opinion, or is aware of any bias or prejudice in the case. If a juror is not indifferent in the case, the juror shall be excused.

circuit court must consider the facts and circumstances surrounding the voir dire and the facts involved in the case. However, the emphasis of this assessment remains on the reasonable person in light of those facts and circumstances.... [W]hen a prospective juror is challenged on voir dire because there was some evidence demonstrating that the prospective juror had formed an opinion or prior knowledge, ... whether the juror should be removed for cause turns on whether a reasonable person in the prospective juror's position could set aside the opinion or prior knowledge.

*Id.*, ¶38 (citing *State v. Faucher*, 227 Wis. 2d 700, 718-19, 596 N.W.2d 770 (1999)).

Objective bias ... is a mixed question of fact and law. "[A] circuit court's findings regarding the facts and circumstances surrounding voir dire and the case will be upheld unless they are clearly erroneous. Whether those facts fulfill the legal standard of objective bias is a question of law." Although we do not defer to a circuit court's decision on a question of law, where the factual and legal determinations are intertwined as they are in determining objective bias, we give weight to the circuit court's legal conclusion. We have said that we will reverse a circuit court's determination in regard to objective bias "only if as a matter of law a reasonable judge could not have reached such a conclusion."

*Lepsch*, 374 Wis. 2d 98, ¶24 (citation and emphasis omitted).

¶12 I agree with the circuit court ruling, and Westrich's argument fails.

¶13 The pertinent facts in the record, the statements of Juror V. during voir dire, and the circumstances surrounding the jury selection do not lead to the conclusion that Juror V. needed to be excused based on objective bias. The record shows that Juror V. and the victim were friends approximately two decades ago when they were both in high school. There is nothing in the record to show that Juror V. and the victim have had any contact since high school. There is nothing in the record to establish that Juror V. and the victim were friends at any time in

the recent past. Based on all the pertinent facts and circumstances, Westrich does not establish that Juror V. should have been excused from jury service in this case.

¶14    Westrich attempts to analogize this situation to objective bias determinations in two Wisconsin Supreme Court opinions, but I disagree with Westrich's contentions. In *Faucher*, the supreme court determined that objective bias was present because the juror stated to the circuit court that he believed that a particular witness would not lie in an answer to any question, and the witness had "integrity." Our supreme court determined that the juror could not set aside those opinions and was objectively biased. *Faucher*, 227 Wis. 2d 700, ¶57-61. In *Lindell*, our supreme court determined that the juror was objectively biased because the juror knew the victim for about 20 years, her parents knew the victim for about 47 years, and the juror described the victim as a "close friend[]." *Lindell*, 245 Wis. 2d 689, ¶¶42-43.

¶15    Those circumstances are not present in this case for the reasons stated above, and the holdings of our supreme court in *Faucher* and *Lindell* are not controlling in these circumstances.

¶16    As noted, Westrich also argues that her trial counsel's failure to request that the court excuse Juror V. from service was ineffective assistance of counsel. Because Juror V. was not objectively biased, then even if I would assume for the moment that counsel performed deficiently in jury selection, Westrich has failed to demonstrate that she was prejudiced by this performance. *See Lepsch*, 374 Wis. 2d 98, ¶37. As a result, the ineffective assistance of counsel claim must also be rejected.

## CONCLUSION

¶17     For the foregoing reasons, the judgment of conviction and postconviction order of the circuit court are affirmed.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.     *See* WIS. STAT. RULE 809.23(1)(b)4.